

Douglas J. Pettibone (SBN 134044)
LAW OFFICES OF DOUGLAS J. PETTIBONE
17848 Sky Park Circle Suite C
Irvine, California 92614
Telephone: (714) 730-9091
Facsimile: (714) 245-7324
E-mail: Petttibonelaw@hotmail.com

Attorneys for Plaintiff MONA DOBBEN/ALEX YAMAMURA

FILED
2009 NOV -2  PM 2:50
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT OF CALIFORNIA

FOR THE CENTRAL DISTRICT

CV09 08007 PSG (JEMx)

MONA DOBBEN, ALEX YAMAMURA

    Plaintiff

vs.

WASHINGTON MUTUAL, COUNTRYWIDE HOME LOANS INC, Nominal Defendant AMERICAN HOME MORTGAGE HOLDINGS et al, AMERICAN BROKERS CONDUIT, AMAERICAN HOME MORTGAGE INVESTMENT CORP., AMERICAN HOME MORTGAGE ACCEPTANCE, AMERICAN HOME MORTGAGE SERVICING, INC., HOMEGATE SETTLEMENT SERVICES, GREAK OAK ABSTRACT, T.D. SERVICE, AMERICAN HOME MORTGAGE ASSETS LLC, AHMA TRUST 2007-5, AH MORTGAGE AQUISTIONS INC., WL ROSS & CO LLC, WELLS FARGO BANK, N.A., MORTGAGEIT, COMMITMENT LENDING, THE ESCROW MALL, INC., Nominal Defendant PATRICK MICHAEL DOWNEY, GREGORY BLAIR CLARK, HISTORICAL REAL ESTATE, PREFERRED REAL ESTATE, ILHAM THEODORY, MICHAEL HANSEN, SARAH HANSEN, APPRAISAL SERVICES ASAP also known as HANSEN APPRAISAL & ASSOC., SUNDAY ALEKHOUGIE, TITAN ESCROW CORPORATION, HANNAH APPRAISAL SERVICE, Nominal Defendant LANDAMERICA GATEWAY TITLE, FIDELTIY NATIONAL INSURANCE SERVICES, INC., CHICAGO TITLE INSURANCE COMPANY, FIDELITY NATIONAL FINANCIAL, FINANCIAL TITLE

) Case No.
)
) COMPLAINT FOR:
)
) FRAUD AND DECEIT COUNT I
)
) FRAUD AND DECEIT COUNT II
)
) BREACH OF FIDUCIARY DUTY COUNT I
)
) BREACH OF CONTRACT COUNT I
)
) BREACH OF FIDUCIARY DUTY COUNT II
)
) AIDING AND ABETTING COUNT I
)
) AIDING AND ABETTING COUNT II
)
) BREACH OF DUTY-NOTARY
)
) CANCELLATION OF WRITTEN INSTRUMENTS BASED ON FORGERY
)
) RESCISSION
)
) VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT
)
) VIOLATION OF TRUTH AND LENDING ACT
)
) VIOLATION OF RESPA
)
) VIOLATION OF RICO

1

| | |
|---|---|
| 1 | COMPANY, FIRST AMERICAN SPECIALTY INSURANCE, MID CENTURY INSURANCE COMPANY/FARMER NEXT GENERATION and DOES 1-10, inclusive |
| 2 | |
| 3 | Defendants. |
| 4 | |

) VIOLATION OF INSURANCE CODE
) SECTION 770-776
)
)
) VIOLATION OF BUSINESS AND
PROFESSIONS CODE SECTION 11300
(FIRREA)

WRONGFUL FORECLOSURE

VIOLATION OF THE UNFAIR DEBT
COLLECTION PRACTICE ACT

VIOLATION OF CALIFORNIA BUSINESS
AND PROFESSIONS CODE SECTION
17200

INJUNCTIVE RELIEF AND DAMAGES
FOR VIOLATIONS OF FAIR CREDIT
REPORTING ACT

UNFAIR BUSINESS PRACTICES FTC
SECTION 5, FAIR CREDIT AND BILLING
ACT 15 USC 1666, CIVIL CODE 1785.26

DAMAGE TO CREDIT REPUTATION
AND TORTIOUS INTERFERENCE WITH
CREDIT EXPECTANCY

ELDER ABUSE

BREACH OF IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING

Plaintiffs Mona Dobben and Alex Yamamura allege:

I.      JURISDICTION

1.      Jurisdiction is conferred on this Court as to claims under the Truth in Lending Act (hereafter "TILA") and the Real Estate Settlement Procedures Act (hereafter "RESPA") by

15 U.S.C. § 1640(e), 12 U.S.C. § 2614, and 28 U.S.C. § 1331; RICO 1964 (c), 1965 (a); Fair Credit Reporting Act 15 U.S.C. 1081.

This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 to hear the state law claims because those claims are related to Plaintiff's federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

    2.     This Court has jurisdiction over Plaintiffs' action for declaratory relief Pursuant to 28 U.S.C. section 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. section 2203 and Rule 65 of the Federal Rules of Civil Procedure.

    3.     Venue is proper in the Central District of California Pursuant to 28 U.S.C. section 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Central District of California.

## II.    THE PARTIES

    4.     Plaintiff, Mona Dobben (hereafter "Dobben"), is a natural person, who is, and at all times relevant to this complaint was a resident of the State of Arizona, however all of the properties which are subject of this complaint, and all the Defendants in this action, are located in the State of California. This senior citizen was 68 years of age at the time this massive fraud was committed on her in reference to these real estate properties:

43723 La Paz Lane Lancaster CA 93535 (hereafter "LaPaz") Seller – Fashesh

36546 Silverado Drive Palmdale CA 93550 (hereafter "Silverado") Seller - Hansen

45946 Desert Springs Dr. Lancaster CA 93534 (hereafter "Desert Springs") Seller- Ramos

38645 37th Street East Palmdale CA 93550 (hereafter "37th St.") Seller – Maymoun

**Attempted but failed transactions:**

42431 66th Street West Lancaster CA 93536 – Seller- Nahida Fasheh.

44650 6th St. E. Lancaster CA 93535 – Seller - Samer Theodory

2735 Sunnyvale Lancaster CA 93536 – Seller- Samer Theodory

4822 Quartz Hill Rd Lancaster CA 93536 – Seller- Nahida Fasheh

31935 Crystalaire Drive Llano CA 93544 - Seller Yocum

5.    Plaintiff, Alex Yamamura (hereafter "Yamamura") is a natural person, who was at all times relevant to this complaint was, a resident of the State of California. The property which is the subject of this complaint, 650 Sinaloa Rd. Simi Valley CA 93065 (hereafter "Sinaloa") is also located in the State of California.

6.    Defendant, Washington Mutual ( hereinafter "WaMu'), is, or at all times relevant to this complaint was, a corporation, licensed in California under C2011986 as Washington Mutual Brokerage Holdings Inc. and C0894932 as Washington Mutual Mortgage Securities Corp. "WaMu" funded "Silverado" directly, and purchased "LaPaz" on the secondary market from "MortgageIt." Properties were funded under Washington Mutual Bank, F.A. Funding Dept/Wholesale LFC, and 8954 Rio San Diego Dr. Suite 304, San Diego CA 92108. Washington Mutual is incorporated in the State of Washington, 1301 Second Ave. Seattle, Washington 98101.

7.    Plaintiff believes, and thereon alleges, that at all times relevant hereto, Defendant "WaMu", in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments in all 50 states including California. Registered agent for Service of Process in the State of California is CSC Lawyers Incorporating Service with an address of P.O. Box 526036, Sacramento, California 95852.

8.    Defendant, Countrywide (hereinafter "Countrywide"), funded the loan on

"Desert Springs" under Countrywide Home Loans Inc and at all times relevant to this complaint

was licensed in California under #C0568549 and maintained a principal office at 4500 Park

Granada, Calabasas, CA 91302. Countrywide may have pledged or sold Plaintiff's loan under

California as Countrywide Securities Corporation, license # C1058988, with a principal office at

4500 Park Granda Calabasas CA 91302. Countrywide also does business in California under

lender/servicer license number #4130359, and Angelo Robert Mozillo, mailing address 8521

Fallbrook Ave, WH-11, West Hills, CA 91304, License number #00368352, with a main office of

4500 Park Granada, Calabasas, CA 91302. Plaintiff has received correspondence from

Countrywide FSB, with an address of 10930 Russell Ranch Road, Westlake, CA 91362.

     9.    Plaintiff believes, and thereon alleges, that at all times relevant hereto, Defendant

"Countrywide," in the ordinary course of business, regularly extended or offered to extend

consumer credit for which a finance charge is or may be imposed or which, by written agreement,

is payable in more than four installments in all 50 states including California. Resident agent for

process of service; The Prentice - Hall Corporation System, Inc. 2730 Gateway Oaks Drive Suite

100 Sacramento, CA 95833.

     10.    Nominal Defendant, American Home Mortgage Holdings, et al, (hereinafter

"American Home") and it's wholly owned subsidiary, American Brokers Conduit funded the loan

on "37th St.," operating out of a business address, 1500 W. Shaw Avenue, Suite 403, Fresno, CA

93711. The parent, American Home Mortgage Holdings et al., maintains a principal place of

business located at 538 Broadhollow Rd. Melville New York, 11747, and was a formerly publicly-

traded mortgage real estate investment trust (trading was suspended on the NYSE ) that traded on

the New York Stock Exchange under the symbol "AHM." On August 11, 2007American Home

Mortgage Holdings, and several subsidiaries filed for Chapter 11 bankruptcy protection. Defendant,

American Home Mortgage Corp., license # C2159434, was doing business in California as

American Brokers Conduit, MortgageSelect, Marina Mortgage, First Home Mortgage, and/or

MTEAM Financial, and American Home Mortgage Acceptance, Inc., at all times relevant to this

complaint, has been a corporation conducting business in CA, through its wholly owned subsidiary,

"ABC", and American Home Mortgage Acceptance. Defendant, American Home Mortgage was

licensed by the Commissioner as a residential mortgage lender and residential mortgage loan

servicer under Chapters 2 and 3 of the CRMLA since June 23, 1999.  After an audit in April of

2007 and subsequent audit in June 2007 revealed a tangible net worth deficiency, and due to failure

to fund loans in July of 2007, in August of 2007, the Department of Corporations issued an order to

discontinue violations and unsafe and injurious practices pursuant to California Financial Code

Sections 50321 and 50322.

11.    Plaintiff believes, and thereon alleges, that at all times relevant hereto, Defendant

"American Home" in the ordinary course of business, regularly extended or offered to extend

consumer credit for which a finance charge is or may be imposed or which, by written agreement,

is payable in more than four installments in all 50 states including California.

The registered agent for Service of Process in the State of California is CSC Lawyers Incorporating

Service, 2730 Gateway Oaks Drive. Suite 100, Sacramento, CA 95833.

12.    The servicing unit formerly known as American Home Mortgage

Servicing was sold to AH Mortgage Acquisitions. Final legal close occurred on April 11, 2008.

AH Mortgage Acquisitions Inc., an affiliate of WL Ross & Co. LLC, 1166 Avenue of the

Americas, New York New York 10036. The new company is Defendant, American Home

Mortgage Servicing, Inc. (hereinafter "AHMSI"),  is a Maryland Corporation, conducting business

at 4600 Regent Boulevard, Suite 200 Irving, TX 75063,  and acted as the Servicer and participated

in the foreclosure of the mortgage loan on "37th Street."  "AHMSI" is engaged in the business of

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

1  servicing single family residential mortgage loans secured by properties located in all 50 states and

2  the District of Columbia.

3        13.    Defendant, T.D. Service (hereinafter "TD"), is conducting business at 1820 East

4  1st Street Suite 210 Santa Ana CA. 92705, and from that location, did conduct a foreclosure of the

5  mortgage loan on "37th Street." TD Service Company is a debt collector doing substantial business

6  with American Home Mortgage as a foreclosure professional in California.

7        14.    Defendant, American Home Mortgage Assets LLC, a Delaware limited liability

8  Company, formed by executives of American Home Mortgage Corporation, a New York

9  corporation, and was organized in the State of Delaware, under Secretary of State Division of

10  Corporations, Delaware # 72-1600641 on 05/20/2005. Process of Service: Corporation Service

11  Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The company was organized

12  for the purpose of serving as a private secondary mortgage market conduit. The company maintains

13  its principal office at 538 Broadhollow Road, Melville, New York, 11747. Legal title to the Owner

14  Trust Estate shall be vested at all times in the Trust as a separate legal entity except where

15  applicable law in any jurisdiction requires title to any part of the Owner Trust Estate to be vested in

16  a trustee or trustees, in which case title shall be deemed to be vested in the Owner Trustee, a co-

17  trustee and/or a separate trustee, as the case may be.

18        15.    The trust, is known as "American Home Mortgage Assets LLC Trust Series

19  2007-5", and is a separate legal entity, and statutory trust, organized the laws of the State of

20  Delaware.  This trust was the holder in due course on the property known as "37th Street,"

21  Plaintiff's loan number in the trust AHMA 2007-5 is identified as #1381. The trust was created for

22  pooling mortgages and offering Mortgage Pass-Through Certificates and Mortgage-Backed Notes.

23  This trust was created on June 29, 2007, and is managed by executives of American Home;

24  President: Michael Strauss, Executive Vice President: Thomas McDonagh, Treasurer and

1   Executive Vice President: Stephen Hozie, Secretary and Executive Vice President: Alan Horn, and

2   independent manager, Orlando Figueroa. The principal place of business is 538 Broadhollow Rd.

3   Melville NY 11747 and resident agent for the process of Service, Corporation Service Company

4   2711 Centerville Road, Suite 400 Wilmington DE 19808.

5          16.    The Underwriting Agreement, dated June 25, 2007, among American Home

6   Mortgage Corp., as seller, American Home Mortgage Assets LLC, as depositor, and

7   Countrywide Securities Corporation, as underwriter, originally filed on Form 8-K on July 20,

8   2007.  Pooling and Servicing Agreement, dated as of June 1, 2007, among American Home

9   Mortgage Assets LLC, as depositor, Wells Fargo Bank, N.A., as master servicer and securities

10  administrator, and Deutsche Bank National Trust Company, as trustee, originally filed on Form 8-

11  K on July 20, 2007.

12          17.    Defendant, Wells Fargo Bank, N.A. (hereafter "Wells Fargo") acts as Master

13  Servicer and as Securities Administrator on AHMA 2007-5 Trust under the Trust Agreement.

14  Wells Fargo Bank has been engaged in the business of master servicing since June 30, 1995. Wells

15  Fargo Bank maintains principal corporate trust offices located at 9062 Old Annapolis Road,

16  Columbia, Maryland 21045-1951 (among other locations) and its office for certificate transfer

17  services is located at Sixth Street and Marquette Avenue, Minneapolis, Minnesota 55479.

18  Designated agent for service of process is CSC Lawyers Incorporating Service, P.O. Box 526036

19  Sacramento, CA, 95852.

20          18.    The indenture trustee on American Home Mortgage Assets LLC, pool

21  AHMA 2007-5, which held Plaintiff's loan on "37th Street" is Deutsche Bank National Trust

22  Company Indenture Trustee ( hereafter "Deutsche") , Deutsche Bank National Trust Company

23  Process of Service,  1761 East St. Andrew Place Santa Ana, California 92705.

19.    Defendant, Wells Fargo Bank, N. A. (hereafter "Wells Fargo Bank"), executive and branch manager Albert Lopez assisted Defendant Downey in using a Wells Fargo Bank account fraudulently to commit fraud on Plaintiff. Wells Fargo Bank Officer Albert Lopez at all times relevant was the Store manager, and Assistant Vice President for Wells Fargo Bank, 807 N. Maclay Ave. San Fernando CA 91340.  Defendant, Wells Fargo Bank, license number C2649647, with principal address at 464 California St. San Francisco, CA. 94104, is a National bank doing business in the state of California and in all 50 states. Wells Fargo Bank is a national banking association and a wholly-owned subsidiary of Wells Fargo & Company.

20.    Defendant, "MortgageIt," at all relevant times to this complaint, held a California license #01264719 and #C2169778, with an address of 33 Maiden Lane, New York, NY, 10038, and with a mailing address of 21900 Burbank Blvd. Woodland Hills, CA 91367.  MortgageIt is wholly owned by "Deutsche Bank." Resident agent for Process of Service of Process; Deutsche Bank National Trust Company 1761 East St. Andrew Place Santa Ana, California 92705.

21.    Defendant, Commitment Lending ( hereafter "Commitment"),  at all relevant times to this complaint, held a  California Finance Lender license #603A060, with an address of 30101 Aguora Court, Suite 102, Agoura Hills, CA 91301, also DBA Horizon Direct, Inc.  Resident agent for Process of Service; John Davimos 30101 Agoura Ct. #102, Agoura Hills CA 91301. Commitment is no longer licensed as of 1/31/2008, however John Louis Davimos in now doing business solely under the former DBA Horizon Direct Inc. as a licensed corporation # 01227585 and possibly C2018081.

22.    Defendant, The Escrow Mall, Inc. ( hereafter "Escrow Mall"), at all time relevant to this complaint, held a California Corporation license #C2329221 and license # 9632256.  Janis Lynn Willoughby-Konig, is resident agent for The Escrow Mall Inc. and designated officer for Distinctive Financial Inc. and broker under license # 00787134. Process of Service address is:

1424 Madera Drive #203, Simi Valley, CA 93065.

     23.    Nominal Defendant Patrick Michael Downey (hereinafter "Downey") is, or at all times relevant to this complaint was, conducting unlicensed (REVOKED 6/13/96) business, as his license was revoked after a conviction under Title 18 Section 1341, Frauds and Swindles. This revoked license California Mortgage and Real Estate broker, conducted real estate and mortgage broker business from the Historical Real Estate location, 1937 Goodyear Ave. Suite #705, Ventura CA 93003, with the assistance of the "Historical" broker, Gregory Clark ( hereinafter "Clark, and Breanne Offerman (hereinafter "Offerman"), and all the other parties to this complaint. Downey recently entered bankruptcy and in those public filings calls his employment title with Historical, office manager and tax preparer. We intend to seek relief from stay for Downey to answer for this massive fraud.

     24.    Defendant, Historical Real Estate ( hereafter "Historical") is, or at all times relevant to this complaint was, a Licensed California Mortgage and Real Estate broker, conducting business from the location, 1937 Goodyear Ave. Suite #705 Ventura CA 93003 in the State of California under license # C2018252. Historical also conducts business under various business names and out of various business locations throughout California.

     25.    Principal broker of Historical is Gregory Blair Clark (hereafter "Clark") and his businesses include locations at 1530 Callens Rd. Ventura CA 93003 and 24005 Ventura Blvd. Calabasas CA and 2860 Dalhart Ave., Simi Valley, CA 93063. "Clark," principal broker of Historical, holds a California Finance License & Residential Mortgage license & CA Dept of Corporations, License ID #01228776 and a Designated Officer/Broker license for "Clark" #00841172. Clark is known to do business out of several other locations throughout California, and under several business entities. Clark allowed and at all times herein mention facilitated Downey doing unlicensed business under "Historical" and his broker license. Breanne Offerman (hereafter

1    "Offerman") is a licensed employee under Historical under license # 01744608, and a party to

2    transactions. 38)  Defendant Preferred Real Estate (hereinafter "Preferred"), and principal and

3    broker,  Ilham Theodory (hereinafter "Theodory") at all times relevant to this complaint is, and was

4    conducting business from 659 W. Lancaster Blvd. Lancaster CA 93534 or 646 Lancaster Blvd.

5    Suite 101 Lancaster CA 93534. In this capacity she acted as real estate agent, rental management

6    agent, notary, and Broker and assisted associated family and group members to "unload" properties

7    onto Plaintiff.

8

9         25.    Defendant Preferred Real Estate, and principal "Theodory," was assisted by

10   possible co-conspirators and employee operating under Preferred license, including: Samer

11   Theodory, (attempted to unload 2 properties on Mona Dobben), Joseph Theodory, Expired License

12   (assisted in negligent property management), Emile Theodory (surrendered license H-30496 on

13   11/24/03 after a criminal conviction for sexual battery), Michael Hansen (appraiser/seller of

14   property/faxed forged documents/employee of Preferred)  & Sarah Hansen  (Seller/Multiple

15   Licenses with associated companies), and Ayoub Haddad license #00776010 (Jamal Haddad

16   former owner on one of flipped houses Plaintiff was stuck in).

17

18        27.    Defendant, Sunday Alekhougie, also associated with Alex Appraisals, at all time

19   relevant to this complaint, had a appraisal business address of PO BOX 3841 Rancho Cucamonga,

20   CA. 91739, and a salesperson business address of PO Box 3641 Santa Fe Springs, CA 90670,

21   licensed appraiser, number AR 015425, and appraiser on 37th Street property, lender American

22   Home, and salesperson license ID 00843600.

23        28.    Defendant, Appraisal Services ASAP also known as Hansen Appraisals &

24   Assoc., (same license number used) appraiser, Michael Hansen, at all times relevant to this

25   complaint, had a  business address of  4654 B East Avenue  S. Suite 148 Palmdale CA 93550, and

26   under license #AL036027.

27

28

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

29.     Defendant, Sarah Hansen, seller of the property 36546 Silverado Drive, Palmdale, 36546 CA, and at all time relevant to this complaint Sarah Hansen was listed as a salespersons under "Preferred" license number #01733879, with an address listed as, 3734 Sonara Way, Palmdale CA 93550, and under the name of Sarah Hughes at Advisors Lending Group, license number # 01248748 with an address listed as 114 Montreal St., Playa Del Rey CA, 90293.

30.     Defendant, Michael Hansen, seller of the property 36546 Silverado Drive, Palmdale, 36546 CA, and at all time relevant to this complaint Michael Hansen was listed as a salespersons under "Preferred" license number #01734003, and  possibly under independent license number #01419478 under conditional suspension 9/26/06 and 2/6/07 17520 F.C. Suspension. Address listed under #01734003 and AR036027 as 4654 B. East Avenue S. Suite 148, Palmdale CA, 93550.  The address listed under #01419478, 43150 6t Street East, Lancaster CA 93535 marked as unreliable in DRE database.

31.     Defendant, Titan Escrow Corporation ( hereafter "Titan"), with a principal address of 1216 West Avenue J. Suite 300, Lancaster CA 93534, is a California Corporation licensed as an escrow agent by The Department of Corporations of the State of California.

32.     Defendant, Hannah Appraisal Service (hereafter, "Hannah"), principal Douglas W. Hannah, 10455 Jamestown Street, Ventura CA 93004, was a licensed appraiser under CA license number AR 008134.  Douglas Hannah also holds a real estate license under 00648595, employing broker Timothy Edward Hoctor, 3705 Telegraph Rd. Ventura CA 93003.

33.     Nominal Defendant, LandAmerica Gateway Title, doing business at, 1405 N San Fernando Blvd, Burbank CA., 91504, and LandAmerica Lawyers Title, with a business location of, 3140 Telegraph Rd. Suite C, Ventura CA 93003,  are both  subsidiaries and wholly owned by LandAmerica Financial Group, Inc. (NYSE:LFG).

34.     Defendant, and insurer on "La Paz," Fidelity National Insurance Services, Inc., license number C 2267201, with a corporate address of 601 Riverside Ave. Jacksonville, FL 32204, and a process of service, CT Corporation System, 818 West Seventh St. Los Angeles CA, 90017.

35.     Defendant, Chicago Title Insurance Company, a subsidiary of Fidelity National Financial, with an address of  5675 Ralston St. Ventura CA 93003 is the title insurer and settlement agent for "LaPaz," and "Sinaloa." Upon information and belief, Chicago Title offers these services in all 50 states, including in California under license #C1180444. Process of Service; CT Corporation System, 818 West Seventh ST. Los Angeles CA 90017.

36.     Defendant, Fidelity National Financial Inc., licensed in the CA under CC2935950 and Fidelity National Title Company licensed in the CA under C0797285, with an address of 5675 Ralston St. Ventura CA 93003 is the title insurer and settlement agent for "LaPaz and "Sinaloa."

37.     Defendant, Financial Title Company, 42455 N. 10th St. West Suite 102, Lancaster CA, 93534 was the title and settlement agent for "Silverado." Upon information and belief, Financial Title offers these services in all 50 states, including licensed to do business in all 58 California counties under License #C1198150. Financial Title Company belongs to the family of Mercury Companies, Inc., one of the nation's largest providers of real estate-related services. Agent for process of service, CT Corporation System, 818 West Seventh St. Los Angeles CA 90017.

38.     Defendant, and insurer on "Silverado," First American Specialty Insurance, agent Lancaster Insurance Services, with a principal place of business at 1925 W. Avenue L, Lancaster CA 93535 broker # 002561, agent Mercedes Colvin. Policy countersigned by Dirk R.

Mc Namee, President of First American Specialty Insurance license number C1382023 with principal address and agent for process of service, Dirk McNamee at 114 East Fifth Street Santa Ana, CA, 92701.

39.     Defendant, and insurer on "37th Street", representative agent George Rasmussen, agent number #3007321, acting on behalf of Mid Century Insurance Company/Farmer Next Generation, under license number C0240795, principal address, and agent for process of service, Doren E. Hohl, 4680 Wilshire Blvd, Los Angeles, CA 90010.

40.     With the exception of American Home, Plaintiff is unaware at this time who the holder in due course is on, "Silverado," LaPaz" and "Desert Springs," and reserves the right to include such parties as discovery reveals this information. On the property, "37th Street," and "Sinaloa" the true owners of the note have been discovered.

## III.    OVERVIEW OF THE FRAUD

41.     Plaintiff was slammed into four rental properties, and the Defendants who will be identified with this fraud hereinafter, attempted five more, all at the same time. Plaintiffs were set up to fail from beginning to end, which Downey as a revoked license broker did with the cooperation of *all* Defendants to this Complaint.

42.     Preferred Real Estate as listing agent and rental management agent did horrifically abuse this senior plaintiff to reap financial benefits and help employees, friends and family members out of properties at Plaintiff's expense.

43.     Historical Real Estate was selling real estate broker and mortgage broker. Preferred Real Estate was listing Broker and rental management agent.

44.     On all Purchase contracts and escrows Plaintiffs' signature was forged.

45.     On all Loan Applications Plaintiffs' signature was forged.

46.    Plaintiffs had no idea what exactly these parties were doing in their name or how many properties they were attempting to stick Plaintiffs in. Escrows were opened for nine properties that we have knowledge of. Inquiries on Dobben credit report reveal additional possible attempts.

47.    On all properties, Theodory and her company, Preferred Real Estate contracted without Plaintiff's consent to put renters in each house. Plaintiff was never provided with information on tenants or keys to the houses. None of the tenants paid rent as required.

48.    Plaintiffs did not see any of the houses before they closed, nor have any independent inspection.

49.    All settlements were conducted at Plaintiff's home in Sun City, Arizona, with notaries who were hired by the settlement agents and not at any title settlement office.  No executed documents were left with Plaintiff to review.  Settlements and the entire process was conducted in a concealed manner where Plaintiff Mona Dobben had no idea what documents were being presented to her but does allege that she did sign some unknown documents in front of  notaries at her residence in Sun City, Arizona. None left any documents with her after she signed.  Due to the fact that Downey was orchestrating so many transactions at the same time, Plaintiff was unsure and is still unsure exactly what she signed at these closings.  Plaintiff Mona Dobben had no idea what was going on, but signed as she was instructed by Downey and based exclusively on the oral statements, assurances and reassurances of the Defendants. All Defendants abandoned their fiduciary duties to Plaintiff in order to reap profits for themselves and associated parties. Anyone of these Defendants could have alerted Plaintiff to the scam but failed to do so. Instead each ignored the obvious and that was the Plaintiff was being taken advantage of.  .

50.    Subsequent to the closings of the properties which are the subject of this action, loan

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

file paperwork, or purchase paperwork was never provided, not even tenant information or keys to the houses Plaintiff was stuck in.

51.    Plaintiff Dobben was approached and coerced about purchasing real estate, one or two investment properties, on the premise that the subject properties were worth more then what they were being sold for, and were already income producing, positive cash flow rental properties with tenants in place.  Downey represented that the property would produce a positive monthly cash flow for Plaintiff.  He further asserted a rental management agent was already in place, Ilham Theodory. The Defendants successfully consummated four properties in less than a few months in Plaintiff Dobben's name, and as heretofore mentioned had attempted to do as many as nine properties in the between Jan 2007 and April 2007.

52.    This was all a set up. Theodory not only attempted to relieve her employees, Sarah and Michael Hansen, and family members, Michael and Marina Fasheh and Nahida Fasheh, and Samer Theodory, of properties they were stuck in, Theodory then continued on as rental management agent of the properties. In fact "Theodory" as listing agent assisted relatives, and Michael and Marina Fasheh, and employees, Michael and Sarah Hansen Fasheh, to conceal all needed property repairs and deficiencies and then charged Plaintiff for repairs immediately after closings.  Not one seller on these properties, made any disclosures to Plaintiff Mona Dobben.

53.    Theodory was the listing agent, and in that capacity gave no disclosures to Plaintiff of any condition of properties or repairs needed, but then as rental management agent insisted repairs needed to be done. For example the subject property at "La Paz" was in such a state of disrepair it was cited by the city. Theodory's plan included continuing to defraud Plaintiff Mona Dobben and steal funds charging for repairs and fees to manage the properties. In fact, Theodory included in her contracts for management, to charge additional $100 for management of the vacant

properties and then proceeded to put tenants in who could not pay rent and would charge fees for evictions and for repairs that were not disclosed when she was the listing agent.

54.    Theodory proceeded to put tenants in without approvals, and offering them to rent for less than the mortgages on the properties. It is unclear what the moves in dates were, and all rents paid were not accounted for.  Theodory took charges for repairs which family members Emile Theodory, Joseph Theodory, Samer Theodory, and others, supposedly did out of rent money collected. It is unclear if Theodory had any association with the renters she placed.

55.    "Desert Springs" tenants were relatives of the sellers and friends of Theodory and these renters didn't pay what was represented to Plaintiff. They were supposed to pay one year in advance at closing due to credit problems, and only paid six months, then never paid again. Renters and deposits for renters on all three other properties were not in place as stated by Downey and Theodory proceeded to rent them months later to people with no regard to ability to pay, and to people who may be associated in some way to Theodory.

56.    Properties were appraised at over value or possibly at the very top of potential value, by appraisers connected to this group on multiple transactions, Alekhougie, Hansen, and Hannah, enabling Downey to apply for mortgages on the properties to 100% LTV to collect mortgage fees, YSP kickback commissions from lenders, and real estate commissions.

57.    Downey had represented to Plaintiff that properties were being sold under market value, when in fact they were sold at over value or at maximum value, and were in need of repair.

58.    Theodory assisted family members and employees in cashing out, and earned real estate commissions and management fees.

59.    Downey through Historical and Theodory through Preferred acted as listing and selling agents, and neither ordered any home inspection, nor represented Plaintiff's interest in a fair

transaction. Both only represented their own interest and the interest of the sellers in the transaction.  No disclosures or affiliations were given.

60.    Washington Mutual processed two loans, "La Paz" and "Silverado" which are the subject of this complaint. Washington Mutual refused to provide Plaintiff a complete loan file, or engage in any loss mitigation.

61.    The predatory mortgage broker, "Downey" acted as an agent of the lender and abandoned his fiduciary duty to Plaintiff Predatory lender, "WaMu" engaged in his conduct turning a blind eye to obvious forged documents and never investigated any information contained within them. In fact, "WaMu" originated the loan directly on "Silverado" and then proceeded to purchase the loan on "LaPaz" from GMAC after origination. All the time ignoring the obvious signs of problems in the documents.

62.    Washington Mutual aided and abetted the convicted felon to commit fraud with flagrant disregard for Plaintiff by accepting and processing a loan transaction with numerous forged documents.

63.    Washington Mutual also paid a YSP based incentive to Downey, a convicted felon and  revoked license broker, and failed to exercise reasonable due diligence over a broker acting as an agent on their behalf.

64.    Further when these issues were brought to the attention of "WaMu's" Richard McCoppin, Sr. VP of Credit Services, and Robin Marks, fraud investigator, instead of assisting Mona Dobben, they chose not to engage in any loss mitigation, and instead ignored the issues completely and just put the loans they were holding on "Silverado" and "LaPaz" in foreclosure.

65.    Plaintiff was forced to spend enormous time and expense seeking help to investigate these transactions. Despite repeated communications from investigator Paula Rush assisting Mona Dobben, Washington Mutual's collections department harassed Mona Dobben mercilessly with

constant phone calls, after being put on notice multiple times that Mona Dobben did not want to be contacted by phone and were notified that she wanted them to contact her daughter Alex Yamamura or Paula Rush as her representatives.   Instead of assisting Mona Dobben and holding the broker and other parties to the transaction accountable this lender sought to destroy this senior Plaintiff.

66.    MortgageIt, wholly owned by Deutsche Bank, table funded the loan on "LaPaz." The loan was subsequently sold to Washington Mutual. MortgageIt accepted fees and commissions and further enriched themselves by reselling this loan after processing transactions which had obvious red flags for fraud. MortgageIt was shut down by the CA. Department of Corporations and is not longer in business.

67.    On the property 36546 Silverado Drive, Palmdale, CA, Michael and Sarah Hansen were the sellers. On "La Paz" and "Desert Springs," Michael Hansen (License # AL 036027) was the appraiser. Michael Hansen has signed an appraisal under the company name of Hansen Appraisals and Assoc., but is registered with CA OREA as Appraisal Services ASAP. The license number is AL 036027 on both names. Michael Hansen may also have or has had another license under Michael Sean Hansen #01419478.

68.    Michael Hansen (License # 017334003) and Sarah Hansen (License #01733879) were also licensed as employees of the listing real estate broker and management company Preferred Real Estate and Investments, Inc. 646 Lancaster Blvd. Ste. 101 Lancaster, CA 93534.

69.    Sarah Hansen is also known as Sarah Hughes (License # 01248748), under Advisors Lending Group (License #01213247). Advisors Lending Group has another former associate of Historical Real Estate, Manuel Noah Gaeta. (License # 01446357), and another Gaete, Rodrigo

Gaete operates a company called Gaete Financial Services 2275 Las Positas Road, Santa Barbara, CA 93105, and is falsely listed as a long time accountant of Plaintiff on loan documents. In fact, Plaintiff has never met any Gaete's nor used this company's services.

70.    On 43723 La Paz Lane, Lancaster CA, Michael Fasheh and Marina Fasheh were the sellers. One of the failed transactions, Nahida Fasheh, was the seller. (Property 42431 66th Street West Lancaster, CA 93536.) Loan application was submitted, escrow was started, but by this time lenders were refusing transactions and the transactions failed.

71.    On the property, 38645 37th St. E. Lancaster CA, associates and family members of Ilham Theodory, who had previously been associated with the house include, Jamal Ayed Haddad, and Edward Khoury, and the seller Maymoun, may have all owned the property prior to the Plaintiff. Plaintiff reserves the right to amend this complaint to name these individuals after discovery. The forged purchase contract was faxed from Hansen Appraisals. American Home funded and processed this transaction ignoring all red flags for fraud, and securitized this loan.

72.    On or about, 4/27/07, Plaintiff entered into a consumer credit transaction ( "LaPaz Loan") with Defendant MortgageIt, who sold it immediately to Washington Mutual in which the extended consumer credit was subject to a finance charge which was payable to Defendant Washington Mutual. The related security interest held on the property known as "LaPaz," which involved multiple parties acting in collusion with one another to defraud Plaintiff.

73.    The terms of the Loan Transaction for "LaPaz," as arranged by Defendant Historical Real Estate, and felon and revoked license agent Downey acting as agent, was a Pay Option negative amortization arm with an initial interest rate of 8.75% adjustable to an index which began at 5% and a margin of 3.4775%, which continued to go up.

74.    On "LaPaz" Theodory took an upfront management fee of $500 plus $200 for the first two months for a total of $700. Theodory also took $863.57 for repairs charged to

Plaintiff which was not disclosed as listing agent and family member Emile Theodory was paid for the repairs.

75.     "LaPaz" was also cited by the City of Lancaster for exterior condition problems which were not disclosed by the selling agent "Theodory," the familial related sellers, Michael and Marina Fasheh, or the appraiser.

76.     A transfer tax was due the City of Lancaster, which was not paid through closing and Plaintiff got a bill after closing.

77.     "LaPaz" was not rented as stated by Downey at settlement on April 27, 2007 and Theodory later asserted it was not rented it until August of 2007.  At that time Theodory placed a renter who paid $2,800 deposit and paid $1,175 for September and that tenant never paid again. The rent amount was supposed to be $1400. The mortgage on this property was a Pay Option Arm and a full payment to cover principal and interest was $2979.11, the minimum payment was $1156.16. So even if the rent had been paid at $1400 each month the loan would negatively amortize, the balance would grow, and Plaintiff would go deeper into debt.  As it turned out, the renter never paid, and Plaintiff made the payments as long as she could, and then was forced to stop. Between August 2007 through foreclosure, the tenant would have owed $15,400 and paid only a total of $3975. Out of that, Preferred/Theodory took management and repair fees of $1563. Plaintiff got only $2412.

78.     Upon information and belief ALL Defendants were financial beneficiaries in various capacities on this transaction. The various methods of benefit include a YSP's plus mortgage broker and originating fees, real estate commissions, inflated property flipping and back end payoffs from sellers, and continued management fees and repair cost.  All Defendants engaged in the following unfair business practices including, without limitations, the following:

A) Aiding and abetting a REVOKED license real estate agent/broker to solicit Plaintiff in violation of California Business and Professions Code 10130;

B) Conducting an organized civil conspiracy to commit a massive fraud on Plaintiffs;

C) Engaging in predatory lending practices in dealings with Plaintiffs including but not limited to, the use of high pressure sales tactics and the falsification of Plaintiff's signature on purchase agreements, loan applications, and various other important and required documents;

D) Self-dealing at the expense of Plaintiffs;

E) Failing to provide notices and disclosures required under California Real Estate laws;

F) Failing to provide notices and disclosures required under TILA and RESPA and California Law;

G) Violating TILA; RESPA; False Advertising Act; California Business and Professions Code 17500 *et seq*; or any other applicable statute;

H) Engaging in Elder Abuse under California Welfare & Institutions Code Section 15600 *et seq;* Violating California Civil Code Section 1709; 1710 and 1711;

I) Charging and collecting fees in excess than those permitted under statute;

J) Charging, collecting and distributing illegal fees in excess of those permitted under statute;

K) Other acts that Plaintiffs are presently unaware;

**IV.    ALLEGATIONS SPECIFIC AS TO WASHINGTON MUTUAL, COUNTRYWIDE, NOMINAL DEFENDANT AMERICAN MORTGAGE/AMERICAN HOME MORTGAGE ASSEST LLC AND AHMA 2007-5**

**Washington Mutual**

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

79.    Washington Mutual, as the lender on "LaPaz" and "Silverado" and is the ultimate responsible party, and the party holding the note, and apparently " WaMu" had no fraud checks nor did "WaMu" implement even routine underwriting standards to ensure these two transactions were legitimate and legal.

**Countrywide**

80.    Countrywide, as the lender on "Desert Springs" is the ultimate responsible party, and the party holding the note, and apparently had no fraud checks nor did it implement even routine underwriting standards to ensure these two transactions were legitimate and legal.

**American Home Mortgage – American Home Mortgage Assets LLC –AHMA 2007-5**

81.    Nominal Defendant American Home Mortgage, as the lender on "37th Street," and Defendant American Home Mortgage Assets LLC, AHMA 2007-5 Trust as a separate legal entity, is the party purported to have held the note and apparently had no fraud checks nor did it implement even routine underwriting standards to ensure the transaction was legitimate and legal. "American" acted with careless disregard of "Dobben," and those actions were malicious and against the loan rescission mandates under Rescission/Cancellation, California Civil Code § 1689. American Home Mortgage failed to conduct any dialogue or investigation with the Plaintiff and without proper notice to Plaintiff, did proceed with an illegal foreclosure on April 29, 2008 on the "37th Street" property.  American Home refused to address the issues of fraud to enable them to collect on mortgage insurance. They did make a claim on MGIC for the insurance on Plaintiff's loan and possibly a bulk and supplemental policy, and additional credit enhancements such as a guarantee fund, overcollateralization, and credit default swaps.

82.    All the parties associated with this loan, TD Service Co (foreclosure agent), WL Ross ( debtor in possession for AHM), AHMSI (the new Ross servicing unit after final close), American Home Mortgage Holdings et al ( all debtor parties), AHMA 2007-5 Trust ( statutory trust

and separate legal entity), American Home Mortgage Assets LLC( pass through SPE for creating AHMA 2007-5 Trust), Wells Fargo Bank ( Master servicer and Securities Administrator), Deutsche Bank ( Indenture trustee and fiduciary on unsecured creditors committee), Young Conaway Stargatt and Taylor ( American Home bankruptcy attorneys and signatory on this AHMA 2007-5 TRUST), and Countrywide Securities Corporation (Underwriter) were notified that Plaintiff had many issues of fraud and had not received notice of foreclosure. These parties did nothing to stop the foreclosure after receiving this information. A letter was sent certified mail to each of the following on April 15, 2008:

AMERICAN HOME MORTGAGE ASSETS LLC C/O American Home Mortgage Executives 538 Broadhollow Rd. Melville NY 11747, Process of Service: Corporation Service Company 2711 Centerville Road, Suite 400 Wilmington DE 19808.

AH Mortgage Acquisition Co., Inc., an affiliate of WL Ross & Co. LLC (Servicer) 1166 Avenue of the Americas, New York New York 10036

American Home Mortgage Servicing (Servicer), 4600 Regent Boulevard, Suite 200 Irving, TX 75063, ATTEN: David Friedman

Wells Fargo Bank, N.A.  (Master Servicer), 9062 Old Annapolis Road, Columbia MD 21045, Elisabeth A. Brewster  Vice President

Wells Fargo Bank, N.A. (Securities Administrator), 8480 Stagecoach Circle Frederick MD 21701, CTSLink® Investor Information Services MS X3801-027

TD Service Co – (Foreclosure Agent for American Home Mortgage), 1820 East 1st Street, Suite 210, Santa Ana CA. 92705.

Deutsche Bank National Trust Company (Indenture Trustee), CT Corporations Systems 818 West Seventh St. Los Angeles CA 90017, which they now claim is the incorrect address and that 1761 East St. Andrew Place Santa Ana, California 92705, is the correct address. Countrywide Securities Corporation (Underwriter) The PRENTICE-HALL

Corporation Systems, Inc. 2730 Gateway Oaks Drive suite 100 Sacramento CA. 95833

## V.   ALLEGATIONS AS TO TITLE AND ESCROW

83.   Defendants, Chicago Title and Fidelity National Title and Fidelity National Insurance, all subsidiaries of Fidelity National Financial, had a duty to "Dobben"  to ensure the transaction was done legally and ethically within the standards of licensing mandates, and instead they assisted a convicted felon, "Downey" to move funds electronically in and out of the same bank account for down payments and credits, and to misrepresent and conceal the true nature of the loan transaction and failed to conduct a settlement within the legal guidelines, and ignored all signs of obvious fraud.  At the same time these transactions were initiated, Fidelity National Financial was assisting "Downey" to open another escrow for "Dobben" to purchase of 44650 6th St. Lancaster, CA.  Both property transactions consisted of forged documents and asserted that they would be "Dobben" primary residences. Fidelity National Financial employees aided and abetted the fraud the broker, Downey was orchestrating and knew or should have known that fraud was involved.  They had a fiduciary duty to all parties to the transactions.

84.   Financial Title Company had a fiduciary duty to "Dobben"  to ensure the transaction was done legally and ethically within the standards of licensing mandates, and instead they assisted a convicted felon, "Downey" to move funds electronically in and out of the same bank account for down payments and credits, and to misrepresent and conceal the true nature of the loan transaction and failed to conduct a settlement within the legal guidelines, and ignored all signs of obvious fraud. They concealed facts from "Dobben" that they could have easily ascertained upon viewing both sides of the transaction for the settlement on "Silverado."

85.   Defendants, Financial Title, could see the seller side of the transaction, which the buyer can't see in California, and the title agent can also see previously property transfers.

It is the title agent and settlement agent's duty to ensure the consummation is legal, and the borrower or purchaser of the property is informed of the important paperwork and transactions about to be finalized and Financial Title did not check on licenses, did not explain documents, and just sent a notary to "Dobben's" home in Arizona. They had a fiduciary duty to all parties to the transactions.

86.    Defendants, LandAmerica Gateway Title, committed extreme negligence as the settlement agent on "37th Street," and "Desert Springs," and at the same time they opened escrow for an additional property on 31935 Crystalaire Drive Llano CA 93544. This should have sent up red flags, and this title settlement agent also dealt directly with "Downey" on each transaction and should have known he was REVOKED license real estate or mortgage broker.

87.    LandAmerica Lawyers Title did not check on licenses, did not explain documents, and only sent a notary to "Dobben's" home in Arizona. They had a fiduciary duty to all parties to the transactions.

88.    Defendants, The Escrow Mall, abandoned the fiduciary duty to "Yamamura" and the implied contract of good faith committed extreme negligence as the settlement agent on the "Yamamura" property transaction, "Sinaloa," Someone certified forged documents as a true and original copies and notary Janis Lynn Willoughby-Konig notarized documents with forged signatures, including the Signature Affidavit and AKA Statement.   The title settlement agent dealt directly with "Downey" and should have known he was not a licensed real estate or mortgage broker.   It is the title agent and settlement agents' duty to ensure the consummation is legal, and the borrower or purchaser of the property is informed of the important paperwork and transactions about to be finalized.  The Escrow Mall did not check on licenses, did not explain documents, and ignored all red flags to reap financial fees.

89.    Titan Escrow had a fiduciary duty to "Dobben"  to ensure the transaction was done legally and ethically within the standards of licensing mandates, and instead they assisted a convicted felon, "Downey" to move funds electronically in and out of the same bank account for down payments and credits, and to misrepresent and conceal the true nature of the loan transaction and failed to conduct a settlement within the legal guidelines, and ignored all signs of obvious fraud. They concealed facts from "Dobben" that they could have easily ascertained upon viewing both sides of the transaction for the settlement on "37th Street." An unknown notary used a stamp for TITAN ESCROW, to certify a document on the Property, "37th Street, Amended Escrow Instructions, which contained a forged signature of Mona Dobben. The handwriting appears to be that of another party to this illegal transaction,  however no other document states who this party is who notarized the document.  The title settlement agent also dealt directly with "Downey" and should have known he was not a licensed real estate or mortgage broker.   It is the title agent and settlement agents' duty to ensure the consummation is legal, and the borrower or purchaser of the property is informed of the important paperwork and transactions about to be finalized. Titan Escrow did not check on licenses, did not explain documents, and only sent a notary to "Dobben's" home in Arizona.

90.    The Plaintiffs were not given any choices, but instead were steered to these settlement providers and were never given a disclosure they could choose settlement providers. Not one of these settlement providers questioned the obvious forged documents, and numerous other red flags, and they abandoned any fiduciary duty to the Plaintiffs to earn exorbitant fees.

## VI.    ALLEGATIONS AS TO ALL DEFENDANTS

91.    ALL Defendants also concealed, certain material facts from Plaintiffs who were not aware of them including, but not limited to the following:

a) The true terms of the loans;

b) The number of loans placed on each property;

c) The negative amortization of loans;

d) The appraised value of each property;

e) The connections between brokers and sellers;

f) The income producing investment scam;

g) The condition of each property;

h) The required disclosures under Arizona and California law;

i) That the broker "Downey" license was REVOKED;

j) That Historical was aiding a REVOKED licensed broker to solicit Plaintiffs in violation of California Business and Professions Code 10130;

k) That the property management agent knew the sellers and renters and upon information and belief may be related;

l) The number of properties the group tried to unload on Plaintiff;

m) The substantial connections between participating parties;

n) That the Defendant "Downey" would not make good on his promises;

o) That renters were not in place and already paying rent;

p) That renters had no intention or capacity to pay rent;

q) That Defendants "Historical" had falsified loan applications;

r) How many applications and escrows "Historical" had submitted in Plaintiffs names;

s) How Defendants qualified Plaintiffs for loans;

t) The Plaintiffs were not obligated to proceed with loans;

u) That Plaintiffs names were being used without their knowledge for escrows, bank accounts, utilities and other acts of which Plaintiffs is presently unaware.

v) Defendants intended to deceive Plaintiffs by the misrepresentations and nondisclosures.

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

## VII.    SPECIFICS OF THE FRAUD AS IT RELATES TO EACH PROPERTY

### A.  SILVERADO

Lender – Washington Mutual

Listing Agent- Preferred Real Estate/Ilham Theodory

Rental Agent – Preferred Real Estate/Ilham Theodory

Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

Mortgage Broker- Historical/Patrick Downey

Renter - Angela La Sane (never paid rent as agreed)

Seller – Michael Hansen (employee of Preferred and appraiser on multiple transactions)

Seller - Sarah Hansen (employee of Preferred)

Bank Account - Wells Fargo

Appraiser –Alex Appraisals - Sunday Alekhougie

Title Insurance - Financial Title

Escrow & Settlement Agent - Financial Title - Castaneda

Settlement Notary - Coast to Coast – Kathy A. Fletcher

Settlement Date – 5/1/2007 or 5/22/2007 Conflicting Documents

Home Insurer- Lancaster Insurance Services Inc. / First American Specialty Ins.

### B.    SILVERADO PROBLEMS

92.    Someone at Historical Real Estate forged Plaintiff's signature on purchase contract, loan application, and all disclosures, and arranged for homeowners insurance.

93.    Gregory Clark certified he had a face to face interview with Plaintiff that never took place.

94.    Home sellers Michael and Sarah Hansen are both employees of Preferred Real Estate, and sellers on Silverado. Michael Hansen business Hansen Appraisals was the appraiser on

"Desert Springs" and "La Paz" and Hansen Appraisal faxed the forged purchase contract on "37th Street." No disclosures were given.

95.    Plaintiff did not get a home inspection or any disclosures and home needed repairs.

96.    Renter – Angela LaSane never paid rent as agreed. Paid deposit and nothing since July 2007, and has refused to cooperate with Plaintiff or the L.A. Housing Authority.

97.    Home Insurer Lancaster Insurance Services worked with Downey to issue insurance including extra insurance for renter's contents and extra coverage. This was all done without Plaintiff's knowledge or approval.

98.    Downey put a Pay Option Arm and a HELOC on the property mortgaging it to 100% and well over what rent would cover. Plaintiff had no idea two loans were put on the property, or the type of loans and nature of a negatively amortizing loan.

99.    No disclosure of associations between parties were given, or property disclosures from sellers to buyer.

**C.  DESERT SPRINGS**

100.    On or about, 6/14/07, Plaintiff entered into a consumer credit transaction ("Desert Springs Loan") with Defendant "Countrywide"  in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant "Countrywide." The related security interest held on the property known as "Desert Springs," which involved multiple parties acting in collusion with one another to defraud Plaintiff.

101.    As part of the consumer credit transaction, Defendant "Countrywide" retained a security interest or unknown financing partner holds a security interest in Plaintiff's loans on Desert Springs. Countrywide has refused to provide Plaintiff with this information or voluntarily resolve the issues presented herein. Countrywide has refused to provide or disclose the true owner of the note under TILA 1641(f)(2).

102.     Countrywide fraud investigator, Jeanne Adams, did confirm all documents from Plaintiff's transactions were forged.  However, later when Plaintiff asked them to voluntarily rescind the loan, Ida Samko communicated that Countrywide had retracted the statement about the forged documents, yet stated that Countrywide would not release the loan files short of subpoena. Jeanne Adams also communicated that the convicted felon, Downey was listed in their files as the contact for Historical Real Estate.

103.     Countrywide aided and abetted the fraud with flagrant disregard for Plaintiff, by accepting and processing a loan transaction with numerous forged documents, then sought only to cover it up, instead of holding the appropriate parties accountable.

104.     Countrywide also paid a large YSP based incentive to Downey, and failed to exercise reasonable due diligence over a broker acting as an agent on their behalf. Despite repeated communications to fraud investigator Jeanne Adams, and legal counsel Janis Allen, and the Office of the President, Ida Samko by Dobben's representative Paula Rush, Countrywide refused to assist Plaintiff in anyway.

105.     Further Countrywide, offering no assistance only sought to foreclose on the loan on Desert Springs. Countrywide collections department harassed Plaintiff mercilessly with constant phone calls, after being put on notice multiple times that Plaintiff did not want to be contacted by phone and were notified that she wanted them to contact her daughter or Paula Rush.  Countrywide did this instead of assisting Plaintiff and holding the broker and other parties to the transaction accountable this lender sought to destroy a 68 year old senior.

106.     The terms of the Loan Transaction for Desert Springs, as arranged by Defendant Historical Real Estate, and REVOKED license agent Patrick Downey, acting as agent, were a loan amount of $224,000 at an initial interest rate of 8.375% negatively amortizing, and a HELOC adjustable rate for $28,000 at an initial interest rate of 9.625%.  Minimum payments on these two

1  loans were a minimum payment of $593.25 or a full payment of $ 1635.75 to avoid negative

2  amortization, and $228 on the HELOC. For a total rent needed of $1863.

3       107.    The rental payment that Preferred put tenants in the house for was $1,300 and they

4  were relatives of the seller of the house. The tenants paid six months' rent up front and never paid

5  rent again.  Even if the tenants paid rent as agreed it wouldn't have been enough to cover the

6  payments.  Out of the $7800 that was paid for rent, Preferred/Theodory, took $800 in management

7  fees.

8

9  Lender – Countrywide Bank FSB

10  Listing Agent- Preferred Real Estate/Ilham Theodory

11  Rental Agent – Preferred Real Estate/Ilham Theodory

12  Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

13  Mortgage Broker- Historical/Patrick Downey (REVOKED license/Convicted FELON)

14  Renters- - Anallyn, Joelito, Joseph, and Joanna Narciso (relatives of seller)

15  Seller- Ofelia N. Ramos

16  Bank Account - Wells Fargo

17  Appraiser- Hansen Appraisals/ Michael Hansen (seller/appraiser/employee of Preferred)

18  Title Insurance- LandAmerica Gateway Title

19  Escrow & Settlement Agent- LandAmerica Gateway Title Company

20  Settlement Notary- unknown

21  Notary Grant Deed – Ilham Theodory

22  Settlement Date – 6/6/2007 and 6/14/2007 Conflicting Documents/Incomplete

23

### D.    DESERT SPRINGS PROBLEMS

24       108.    Someone at Historical Real Estate forged Plaintiff's signature on purchase contract,

25  loan application, and all disclosures, and arranged for homeowners insurance.

109.    Greg Clark certified he had a face to face interview with Plaintiff that never took place.

110.    Plaintiff received no home inspection or disclosures. Michael Hansen is an employee of the listing broker "Preferred," seller on "Silverado" and appraiser on "Desert Springs" and "La Paz" and Hansen Appraisal faxed the forged purchase contract on "37th Street." Not an independent appraiser.

111.    Plaintiff has 2 Closing statements 6/6/2007 and 6/14/2007 with different information.

112.    Countrywide Fraud investigator Jeanne Adams stated all documents in Countrywide's file were forged and Countrywide has refused to release loan file.

113.    Renter placed by Ilham Theodory, Narciso Theodory, are relatives of sellers, who prepaid through closing 6 months' rent and then never paid again. Narciso and Ilham Theodory have a personal relationship.

114    Countrywide refuses to provide loan file and Plaintiff to this date does not have all the documents.

115.    Downey put a Pay Option Arm and a HELOC on the property mortgaging it to 100% and well over what rent would cover. Plaintiff had no idea two loans were put on the property, or the type of loans and nature of a negatively amortizing loan.

116.    No disclosure of associations between parties were given, or property disclosures from sellers to buyer

E.    **37th STREET**

117.    On or about, April 4/10/2007, Plaintiff entered into a consumer credit transaction ("38645 37th Street Loan") with Defendant American Home Mortgage in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant

American Home (unknown specific AHM entity). The related security interest held on the property known as "37th Street," which involved multiple parties acting in collusion with one another to defraud Plaintiff.

118.    Plaintiff received her loan file from AHM and it confirmed that the purchase agreement, loan application, good faith documents, and ALL disclosures were forged. Even so, American Home and related entities refused to acknowledge the fraud or cooperate in any way to assist Plaintiff and in fact rejected all her phone calls and those of her daughter Alex Yamamura and Paula Rush. AHM sent a letter stated they would not recognize Paula Rush's authority to contact them on Mona Dobben's behalf. However, they refused calls even when Dobben was on the line, and refused to answer certified letters sent, and ignored all pleas made in bankruptcy court.

119.    The terms of the Loan Transaction for "38645 37th Street," as arranged by Defendant Historical Real Estate, and REVOKED license agent Patrick Downey, acting as agent, was a loan amount of $400,500 Pay Option Arm with an initial interest rate of around 9%, with a minimum negatively amortizing payment of $1650 and a fully amortized payment of $4702.22.

120.    The rental payment that Preferred put tenants in the house for was $1,900. Even if the tenants paid rent as agreed it wouldn't have been enough to cover the fully amortizing payments. The tenants paid little and paid late and not enough to cover the payments due. The tenants paid between move-in July 1, 2007 and present only $3740 Plaintiff should have received $25,200.

121.    Theodory charged Plaintiff management fees of $800 and repair fees of $342 after non-disclosures of repairs needed as listing agent.

122.    As rental management agent Theodory placed tenants in the property without a signed management agreement. Theodory had asserted that this tenant's rent would be assisted by Section 8, however she placed tenant before approval of Section 8.

123.    Theodory employee Michael Hansen, who acted as appraiser, seller on other properties contained in this complaint, also faxed the forged purchase contract for 37th Street property from: Hansen - Appraisal. 661-267-7108 on 2/27/2007.

Lender – American Brokers Conduit/ American Home Mortgage Acceptance/AHMA 2007-5

Listing Agent- Preferred Real Estate/Ilham Theodory

Rental Agent – Preferred Real Estate/Ilham Theodory

Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

Mortgage Broker- Historical/Patrick Downey

Renters - Kalisha & Brian Jefferson

Sellers- Issa Saliba Maymoun & Tamam Issa Maymoun

Bank Account - Wells Fargo

Appraiser- Alex Appraisals /Sunday Alekhuogie

Title Insurance- LandAmerica Gateway Title

Escrow & Settlement Agent-Titan Escrow Corporation

Settlement Notary- Deborah Huffert

Settlement Date – Conflicting Documents

Home Insurer- Farmers Insurance/Agent George Rasmussen

Foreclosure Company – TD Service Company

Deutsche Bank – Indenture Trustee

Wells Fargo – Master Servicer

American Home Mortgage Servicing and successor AH Mortgage Acquisitions- Servicer

**F.    37th STREET PROBLEMS**

124.    Someone at Historical Real Estate forged Plaintiff's signature on purchase contract, loan application, and all disclosures, and arranged for homeowners insurance.

125.    Principal of Historical, Gregory Blair Clark certified he had a face to face interview with Plaintiff that never took place. Breanne Offerman certified she had a face to face interview with Plaintiff that never took place.

126.    Purchase contract, with forged Plaintiff's signature was faxed from Hansen - Appraisal.661-267-7108 on 2/27/2007, Michael Hansen, is an employee of the listing broker Preferred, seller on Silverado and appraiser on Desert Springs and La Paz.  Title & Settlement agent LandAmerica Gateway Title ignored red flags and cooperated with American Home Mortgage and Historical/Downey and was complicit in ignoring a 50,000 down payment being wired from a bank account and then wiring almost the same amount back to that account at closing. Downey opened and directed this Wells Fargo account to be used for mortgage fraud. Home Insurer, Farmers Insurance Company, worked with Downey to issue insurance, including extra insurance for renter's contents and extra coverage. This was all done without Plaintiff's knowledge or approval.

127.    Renters – Brian and Kalisha Jefferson (did not pay rent as agreed).

128.    Plaintiff received no home inspection or disclosures.

129.    Titan Escrow notarized forged documents.

130.    On April 29, 2008 after no notice as required under California law, AH Mortgage Acquisitions (AHMSI), and TD Service Company for the benefit of American Home Mortgage Assets LLC and AHMA 2007-5 Trust foreclosed on this property.

131.    TD Service Company, Michelle Pino stated on a conference call on April 29, 2008, with Mona Dobben's daughter and Paula Rush, that American Home Mortgage Servicing stated it did not have the Arizona address for Mona Dobben.  An illegal foreclosure was conducted on April 29, 2008. Exhibit documents show on servicing records, in the bankruptcy court and through certified letters, ALL parties knew Mona Dobben's correct address. In fact AHM has now stated

that they were not required to respond to RESPA letters or comply with RESPA and TILA requirements because this was not a primary residence. So when convenient the Defendants take opposite positions to gain advantage.

132.    No disclosure of associations between parties were given, or property disclosures from sellers to buyer.

### G.    THE "LA PAZ" PROPERTY

Lender – Table Funder MortgageIT sold to Washington Mutual ( Hereafter "WaMu")

Listing Agent -- Preferred Real Estate/Ilham Theodory

Rental Agent – Preferred Real Estate/Ilham Theodory

Notary Grant Deed – Ilham Theodory

Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

Mortgage Broker- Historical/Patrick Downey (REVOKED license/Convicted FELON)

Renter - Erika Jasmine Lester

Sellers- Michael & Marina Fasheh (relations of Ilham Theodory)

Bank Account - Wells Fargo

Appraiser- Hansen Appraisal/Michael Hansen (employee of Preferred/Ilham Theodory)

Title Insurance - Chicago Title

Escrow & Settlement Agent-Joyce Duff

Settlement Notary – BancServ – Eileen Gilley

Settlement Date – 4/19/2007 or 4/27/2007 Conflicting Documents

Home Insurer - Fidelity National Insurance Company

### H.    PROBLEMS WITH THE "LA PAZ" PROPERTY

133.    Someone at Historical Real Estate forged Plaintiff's signature on purchase contract, loan application, and all disclosures, and arranged for homeowners insurance.

134.    Gregory Clark certified he had a face to face interview with Plaintiff that never took place.

135.    Appraiser was Hansen Appraisal, Michael Hansen, employee of Preferred Real Estate, seller on Silverado.

136.    Sellers - Michael & Marina Fasheh are familial relatives of IlhamTheodory. Michael Fasheh is listed under the same address as Preferred Real Estate.

137.    "Dobben" did not get a home inspection or disclosures and home was in deplorable condition.

138.    Lennar Charitable Foundation was not paid fee owed when transferred.

139.    Renter was placed by Ilham Theodory, without consent of "Dobben." Renter Erika Lester never paid rent as agreed. Paid deposit and first month then only a partial rent payment in September of 2007, then nothing since.

140.    Someone without authorization turned on utilities at this address in "Dobben's" name.

141.    Home Insurer, Fidelity National Insurance Company, worked with "Downey" to issue insurance including extra insurance for renter's contents and extra coverage. This was all done without "Dobben's" knowledge or approval.

142.    Downey" put a Pay Option Arm on the property mortgaging it to 100% and well over what rent would cover. "Dobben" had no idea the type of loans and nature of a negatively amortizing loan.

143.    No disclosure of associations between parties were given, or property disclosures from sellers to buyer

I.    **AMERICAN HOME ET. AL/ AMERICAN HOME MORTGAGE ASSETS LLC, AHMA 2007-5 TRUST/ WELLS FARGO AND TD SERVICES WITH REGARD TO THE 37TH STREET PROPERTY**

144.    Mona Dobben sent American Home Mortgage written request for information on November 13, 2007 signed for on November 16, 2007 by American Home Mortgage Servicing. American Home Mortgage has never fully responded complied.

145.    On April 11, 2008 a notice was forwarded from the property at 37th Street which stated a foreclosure would take place on April 29, 2008. This was the first notice Plaintiff received as all notices were mailed to the property and all of the parties named herein knew through multiple communications this was not Plaintiff's primary address.

146.    Wells Fargo as "master servicer" and Deutsche Bank as "indenture trustee" have specific fiduciary, contractual legal obligations to the investors in the securitized trust, and to Dobben. These obligations are clearly spelled out in the SEC filings and prospectus provided to investors in AHMA 2007-5 TRUST.  The most important duty is to ensure proper servicing so that it doesn't frustrate the borrower's ability to perform on the contract. In fact, Wells Fargo as MASTER SERVICER has a duty to replace the sub servicers if servicing is not being performed correctly. In this case ALL parties failed in their duties under all legal and ethical mandates which Dobben had a right to depend on. The violation of a statute or contractual duty, which is a cause of plaintiff's injuries or damages, is evidence of negligence. All laws in effect at the time a contract was made becomes a part of the contract just as if the parties expressly included the provisions of the law or ordinance in the contract.

147.    Wells Fargo and Deutsche Bank have been confronted about these issues and the have failed to do anything about them. In fact, these parties assisted and sanctioned the illegal

foreclosure and assisted in collecting 25% mortgage insurance premium from MGIC on this fraud loan. Acknowledging the fraud would have voided ALL credit enhancements (insurance) policies.

148.    AHMA 2007-5 Trust, with the assistance of American Home Mortgage (debtor entities), AHMSI,  certain executives of American Home, TD Service Company, did conduct an illegal foreclosure on 38645 37th Street with improper notice to Mona Dobben.

149.    The foreclosure was ordered and sanctioned by Wells Fargo as Master servicer and Deutsche Bank as Indenture Trustee. As fully explained in this complaint, all parties to this transaction were notified of the correct address for Mona Dobben, yet they chose, for their own pecuniary gain, and to collect mortgage insurance of 25%, approximately $100,000, and other unknown benefits, and did foreclose on this property with no notice to Mona Dobben.

150.    TD Service Company conducted the illegal foreclosure on April 29, 2008 even after a certified letter was sent directly to them on April 15, 2008 and followed up by phone calls, TD Service Company representative Kimberly Coonradt insisted that American Home Mortgage had confirmed they did not have Mona Dobben's Sun City Arizona address to give her any notification, although "Dobben" has numerous documents which prove otherwise.

**VIII.    INSURANCE POLICIES THE PROPERTIES**

151.    According to California Department of Insurance, all homeowner policy issuers are required to take an application for an insurance policy which the homeowner applies. No applications were given by Mona Dobben, or extra coverage's approved.

152.    Lancaster Insurance Services, Inc. participated by issuing insurance policies which were ordered by the broker Patrick Downey including additional coverage's for contents for the benefit of tenants.  These actions by Downey could have resulted in Mona Dobben being set up for fraudulent claims issued against her policies.

153.    Farmers Next Generation Insurance Lancaster Insurance Services, Inc. participated by issuing insurance policies which were ordered by the broker Patrick Downey including additional coverage's for contents for the benefit of tenants.  These actions by Downey could have resulted in Mona Dobben being set up for fraudulent claims issued against her policies and possibly to set Mona Dobben up for fraudulent claims issued against her policies.

154.    First American Specialty Ins. Co.  Lancaster Insurance Services, Inc. participated by issuing insurance policies which were ordered by the broker Patrick Downey including additional coverage's for contents for the benefit of .  These actions by "Downey" could have resulted in Mona Dobben being set up for fraudulent claims issued against her policies.

155.    Fidelity National Insurance Co. Lancaster Insurance Services, Inc. participated by issuing insurance policies which were ordered by the broker Patrick Downey including additional coverage's for contents for the benefit of tenants. These actions by "Downey" could have resulted in Mona Dobben being set up for fraudulent claims issued against her policies and possibly to set Mona Dobben up for fraudulent claims issued against her policies.

156.    Lancaster Insurance Services ignored the fact that "Downey" was presenting multiple houses as Plaintiff's primary residence, and writing policies accordingly.

## IX.    ATTEMPTED BUT FAILED TRANSACTIONS ON DOBBEN

157.    Limited information is available at this time – Documents will need to be obtained by subpoena.

**42431 66th Street West Lancaster CA 93536 –**

Seller Nahida Fasheh.

Listing Agent- Preferred Real Estate/Ilham Theodory

Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

Mortgage Broker- Historical Real Estate/Patrick Downey

1  Appraiser- Hansen Appraisal/ Michael Hansen (seller/appraiser/employees of Preferred)

2  Escrow & Settlement Agent- LandAmerica Lawyers Title/Dawn Hogan

3  **44650 6ᵗʰ St. E. Lancaster CA 93535 –**

4  Seller - Samer Theodory recorded on 5/1/2005.

5  (Samer Theodory is also found under the same address as Ilham Theodory and Preferred Real

6  Estate – and also on 6532 Mazanita Drive Palmdale CA 93551.)

7  Listing Agent- Preferred Real Estate/Ilham Theodory

8

9  Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

10  Mortgage Broker- Historical Real Estate/Patrick Downey

11  Escrow & Settlement Agent- Fidelity National Financial

12  2735 Sunnyvale Lancaster CA 93536

13   Seller- Samer Theodory

14  Listing Agent- Preferred Real Estate/Ilham Theodory

15

16  Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

17  Mortgage Broker- Historical Real Estate/Patrick Downey

18  Escrow & Settlement Agent- Alliance Escrow

19  **4822 Quartz Hill Rd Lancaster CA 93536**

20  Seller- Nahida Fasheh

21  (Fasheh is a reoccurring name and Ilham Theodory of Preferred is also known as Ilham Fasheh

22  Michael Fasheh has also been found at the same address for Preferred Real Estate, 659 Lancaster

23  Blvd. Lancaster CA 93534.)

24

25  Listing Agent- Preferred Real Estate/Ilham Theodory

26  Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

27  Mortgage Broker- Historical Real Estate/Patrick Downey

28

1  Escrow & Settlement Agent- LandAmerica Lawyers Title/Dawn Hogan

2  **31935 Crystalaire Drive Llano CA 93544**  -

3  Seller Yocum.

4  Listing Agent- Preferred Real Estate/<u>Ilham Theodory</u>

5  Selling Agent – Historical Real Estate/Gregory Blair Clark/<u>Patrick Downey</u>

6  Mortgage Broker- Historical Real Estate/Patrick Downey

7  Escrow & Settlement Agent- LandAmerica Gateway Title

8

9         158.    On all the these transactions, someone at Historical Real Estate certified that face to

10  face interviews had taken place with Plaintiff which did not take place, and those same loan

11  applications were forged with Plaintiff's  name.  All purchase contracts were forged with Mona

12  Dobben's signature.

13  **X.    YAMAMURA- 650 SINAOLA RD SIMI VALLEY, CA**

14         159.    Historical Real Estate was the selling broker and the mortgage broker.

15  "Downey" and Historical Real Estate & Finance, opened escrow through The Escrow

16  Mall, Lisa Donavan, and made loan application to Commitment Lending using forged documents.

17

18         160.    Hannah Appraisal Service did overvalue the property and "Yamamura" did not get

19  the appraisal until months after the close of the house, and at that time she could ascertain that the

20  property had been willfully overvalued. The next closest comparable sale was two hundred

21  thousand dollars lower and it was a larger house.

22         161.    "Historical," "Commitment," "Fidelity National Title Group," "Hannah Appraisals"

23  and "The Escrow Mall," were participating in this transaction orchestrated entirely by "Downey."

24  In fact all of these parties do substantial business with "Downey."

25

26         162.    The sellers, Lani and Stephen Hicks, 2434 LLC failed to give any property

27  disclosures or disclosures that they were licensed CA brokers and real estate sales professionals.

28

163.    Yamamura had no idea what exactly these parties were doing in her name or how many properties they were attempting to stick her in. "Downey" may have tried three transactions in her name.

164.    Yamamura did not see "Sinaloa" before it closed, nor have any independent inspections.

165.    The settlements and the entire process were conducted in an inappropriate and unlawful manner.

## A.  THE "SINALOA" TRANSACTION

Lender – Commitment Lending to EMC/Bear Stearns

Listing Agent- Buddy Gordon/Coldwell Banker

Selling Agent – Historical Real Estate/Gregory Blair Clark/Patrick Downey

Mortgage Broker- Historical/Patrick Downey

Seller – 2434 LLC/Lani Hicks and Stephen Hicks ( Undisclosed- Stephen Hicks- Broker license/Lani Hicks- Realtor)

Appraiser –Hannah Appraisals/Douglas Hannah ( Property substantially over appraised)

Title Insurance – Fidelity National Financial

Escrow & Settlement Agent – The Escrow Mall

Settlement Agent/Notary – Lisa Donavan ( The Escrow Mall)

Notary- Janis Lynn Willoughby-Konig (The Escrow Mall)

Settlement Date – Unknown- Conflicting Documents

## B.    SINALOA  PROBLEMS

166.    Someone at Historical Real Estate forged Plaintiff's signature on purchase contract, loan application, and all disclosures, and arranged for homeowners insurance.

167.    Greg Clark certified he had a face to face interview with Plaintiff that never took place.

168.    Yamamura did not get a home inspection or any disclosures and home needed repairs.

169.    Plaintiff has multiple closing statements with different information

170.    EMC/Bear Stearns released the loan file which contained numerous forged documents.

171.    Janis L. Willoughby-Konig notarized two documents, with forged signatures, and she is the resident agent for process of service for The Escrow Mall. She is listed at the same address as a designated officer of a corporation known as Distinctive Financial, Inc. license number #01163679. Forged documents were faxed from Distinctive Escrow, at the same address.

172.    Someone at The Escrow Mall certified a document with a forged signature.

173.    The property was grossly overvalued, over appraised and misrepresented.

174.    Downey perpetrated a scheme to fund movie projects and saddle Yamamura with a property she could not afford.

175.    Downey opened a bank account without Yamamura's permission to ensure she would qualify and possibly to assist Commitment Lending in selling the loan to Bear Stearns.

## XI.    FAILED TRANSACTIONS YAMAMURA – ESCROWS WERE OPENED

176.    "Downey" and LandAmerica Lawyer Title opened an escrow for 25040 Fern Valley Rd. Idyllwild CA 92549 – Historical Real Estate & Finance/Downey and LandAmerica Lawyers Title escrow officer Dawn Hogan, opened escrows for this property without either the seller or the buyers knowledge. Escrow funds were somehow moved by Downey to fund movie productions and escrow was cancelled for purchase of property. It is unclear what "Downey" was trying to accomplish.

## XII.    DOE ALLEGATIONS

177.    Plaintiffs do not know the true names and capacities of the defendants sued herein as Does 1-100, inclusive, and therefore Plaintiffs sue said defendants by the foregoing fictitious names. When the true names and capacities of these defendants become known, Plaintiffs will amend this Complaint to include such true names and capacities and, if necessary, will seek leave to amend to add additional charging allegations against them.

178.    Plaintiffs allege that each defendant, including those sued herein as Does 1-100, was acting as an agent or representative of every other defendant in doing all of the acts described in this Complaint and at all times was acting within the course and scope of such agency or representative capacity in doing the acts described herein.

## XIII.    ALTER-EGO, AIDERS, ABETTORS, AGENTS AND CO-CONSPIRATORS

179.    At all times mentioned herein, a unity of interest and ownership existed among defendants; Nominal Defendant Patrick Michael Downey, Gregory Blair Clark and Ilham Theodory and defendants Historical Real Estate Preferred Real Estate such that the separateness of these individual defendants from the business entities never existed. Historical Real Estate Preferred Real Estate are essentially the alter ego of Nominal Defendant Patrick Michael Downey Gregory Blair Clark Ilham Theodory.  Moreover, Historical Real Estate Preferred Real Estate was not properly capitalized and failed to adhere to corporate formalities and, as a consequence, its corporate form should be ignored. Adherence to the fiction of the separate existence of Historical Real Estate Preferred Real Estate as a distinct entity from Nominal Defendant Patrick Michael Downey, Gregory Blair Clark and Ilham Theodory would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

180.    Defendants, and each of them, to this complaint are sued as participants and/or aiders and abettors in the wrongful activities complained of herein, and the liability of each arises

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

from the fact that each has engaged in all or part of the improper acts, plans, schemes or transactions, which operated a fraud against Plaintiffs. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant the defendants, and each of them, had knowledge of the acts and conduct complained of herein and participated in the furtherance of the fraudulent acts, as more fully set forth below. Defendants, and each of them, have participated in some manner as members of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out the fraudulent purposes alleged in this Complaint, and have performed acts and made statements or representations in furtherance of the conspiracy and/or the wrongful acts and in so doing aided and abetted the fraudulent conduct of the other Defendants named herein.

181.    At all relevant times, each defendant was and is the agent of each of the remaining defendants and, in doing the acts alleged herein, was acting within the course and scope of such agency. Each defendant ratified and/or authorized the wrongful acts of each of the other defendants.

## XIV.    FIRST CAUSE OF ACTION-FRAUD AND DECEIT COUNT 1

182.    Fraud and Deceit Against Defendants Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, Stacy Eagle (Only ownership interest), Michael Hansen, Sarah Hansen, Hansen Appraisals and Associates, Hannah Appraisal Service, Douglas W. Hannah), Appraisal Services ASAP, Appraiser –Alex Appraisals - Sunday Alekhougie, American Home, Countrywide, Washington Mutual, AHMA 2007-5 Trust, American Home Mortgage Assets LLC, TD Service Co, AHMSI, Wells Fargo, and Deutsche Bank.

183.    Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 181 as though fully set forth herein.

184.     The conduct of defendants Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, Stacy Eagle (Only ownership interest), Michael Hansen, Sarah Hansen, Hansen Appraisals and Associates, Hannah Appraisal Service, Douglas W. Hannah), Appraisal Services ASAP, Appraiser –Alex Appraisals - Sunday Alekhougie, American Home, Countrywide, Washington Mutual, AHMA 2007-5 Trust, American Home Mortgage Assets LLC, TD Service Co, AHMSI, Wells Fargo, and Deutsche Bank, (hereinafter "these Defendants"), as hereinabove alleged, constitutes a fraud against Plaintiffs. As specifically alleged above, These Defendants, directly or through their agents and employees, made false representations, concealments and nondisclosures to Plaintiffs, knowing the falsity of their representations, concealments and nondisclosures, and did so with the intent to defraud these Plaintiffs and to induce them to act in the manners set forth above.

185.     Plaintiffs justifiably relied upon the false representations, concealments and nondisclosures made by these Defendants, and each of them as set forth above. Absent the misrepresentations and non-disclosures, Plaintiffs would not enter into the transactions and relationships as set forth above.

186.     These Defendants, and each of them, had actual knowledge of the fraud, and aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoings complained of herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of herein, each of these Defendants acted with an awareness of his, her or its primary wrongdoing and realized that his, her or its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals and wrongdoing.

LAW OFFICES OF
– DOUGLAS J.
PETTIBONE

187.    As a result of the wrongful conduct of these Defendants, and each of them, these Plaintiffs have suffered, and continue to suffer, economic losses and other general and specific damages, all in an amount to be determined according to proof at time of trial.

188.    In doing the acts herein alleged, these Defendants, intended to cause injury to these Plaintiffs and carried out their conduct in conscious disregard of these Plaintiffs' rights, such that the conduct of these Defendants constitutes fraudulent, oppressive and malicious conduct toward these Plaintiffs. Accordingly, these Plaintiffs are entitled to an award of exemplary and punitive damages under §3294 of the California Civil Code.

## XV.    SECOND CAUSE OF ACTION-FRAUD AND DECEIT COUNT II

(Fraud and Deceit Against Defendants  Washington Mutual, Countrywide Bank, Nominal Defendant American Home and its related entities,  American Home Mortgage Assets LLC, AHMA 2007-5 Trust, Wells Fargo Bank, N.A., MortgageIt, Commitment Lending DBA Horizon Direct, Inc.,T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee.)

189.    Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 188 as though fully set forth herein.

190.    The conduct of defendants Washington Mutual, Countrywide Bank, Nominal Defendant American Home and its related entities, Wells Fargo Bank, N.A., MortgageIt, Commitment Lending DBA Horizon Direct, Inc.,T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee , American Home Mortgage Assets LLC Trust Series 2007-5 (hereinafter "These Defendants"), as hereinabove alleged, constitutes a fraud against Plaintiffs. As specifically alleged above, These Defendants, directly or through their agents and employees, made false representations, concealments and nondisclosures to these Plaintiffs, knowing the falsity of their representations, concealments and nondisclosures, and did so with the intent to defraud these Plaintiffs and to induce them to act in the manner set forth above.

191.   These Plaintiffs justifiably relied upon the false representations, concealments and nondisclosures made by these Defendants, and each of them, in entering into the various Mortgage Loans identified herein. Absent the misrepresentations, concealments and non-disclosures, these Plaintiffs would not have entered into the loan agreements.

192.   These Defendants, and each of them, had actual knowledge of the fraud, and aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoings complained of herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of herein, each of These Defendants acted with an awareness of his, her or its primary wrongdoing and realized that his, her or its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals and wrongdoing.

193.   As a result of the wrongful conduct of These Defendants, and each of them, these Plaintiffs have suffered, and continue to suffer, economic losses and other general and specific damages, all in an amount to be determined according to proof at time of trial.

194.   In doing the acts herein alleged, These Defendants intended to cause injury to these Plaintiffs and carried out their conduct in conscious disregard of these Plaintiffs' rights, such that the conduct of these Defendants constitutes fraudulent, oppressive and malicious conduct toward these Plaintiffs. Accordingly, these Plaintiffs are entitled to an award of exemplary and punitive damages under §3294 of the California Civil Code.

## XVI.   THIRD CAUSE OF ACTION-BREACH OF FIDUCIARY DUTY COUNT I

(Breach of Fiduciary Duty Against Defendants Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, Commitment Lending, Mortgageit, Sunday Alekhougie, Douglas Hannah, Michael Hansen, Appraisals ASAP)

195.   Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 194 as though the same were fully set forth herein.

196.   Defendants Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, Commitment Lending, Mortgageit, Sunday Alekhougie, Douglas Hannah, Michael Hansen, Appraisals ASAP (hereinafter "These Defendants") owed a fiduciary duty to Plaintiffs by virtue of their position as licensed or purported licensed mortgage brokers, or as the agents of a licensed or purported license mortgage broker, and their relationship to these Plaintiffs, as hereinabove set forth.

197.   As a direct and proximate result of the conduct of these Defendants, Plaintiffs have been generally damaged in an amount according to proof at trial.

198.   In doing the acts herein alleged, these Defendants intended to cause injury to Plaintiffs and carried out their conduct in conscious disregard of the rights of these Plaintiffs such that the conduct of these Defendants constitutes fraudulent, oppressive and malicious conduct toward these Plaintiffs. Accordingly, these Plaintiffs are entitled to an award of exemplary and punitive damages under §3294 of the California Civil Code.

## XVII.   FOURTH CAUSE OF ACTION-BREACH OF CONTRACT

(Breach of Contract Against Titan Escrow Corporation, Nominal Defendant- LandAmerica Gateway Title, Fidelity National Financial Inc and Financial Title Company, Chicago Title Insurance Company, Financial Title Company)

199.   Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 198 as though the same were set forth herein in full.

200.   Plaintiffs (sometimes referred to herein as "borrowers"), by virtue of the escrow arrangements on their loans, entered into contracts (escrow instructions) with Titan Escrow Corporation, Nominal Defendant, LandAmerica Gateway Title, Fidelity National Financial Inc and

Financial Title Company, Chicago Title Insurance Company, Financial Title Company (Hereinafter "These Defendants") . The escrow instructions were in two parts: the borrowers' instructions from these Defendants and the lender's instructions from the Lending Defendants, which together made up the "contract" between Plaintiffs and These Defendants.

201.    The written contracts entered into with these Defendants required, *inter alia,* that These Defendants:

a. have an independent third party, called a closing agent, coordinate the settlement of the real estate loans and not allow any party that is a party to the transaction to act as the closing agent, including but not limited to a borrower, a mortgage or real estate broker or any other person who is a party to the transaction;

b. photocopy borrowers' authentic state-issued driver's licenses or other state-issued photo identification used to verify borrowers' identities and forward the photocopies to the Lenders with the closing packages;

c. warrant the authenticity of the signature of each party executing loan documents;

d. ensure that loan documents are not released from title/escrow offices for signature without the prior approval of the lenders;

e. prepare and attach notary acknowledgements with current notary stamps and ensure that alterations or erasures not be made to any loan documents without the prior written approval of the parties to the escrow;

f. pay from the loan proceeds only those fees and costs identified in escrow instructions and approved by the borrowers;

g. ensure that borrowers acknowledge receipt of and be given copies to keep of the three-day rescission notices; and,

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

h. give the proceeds of the loan funds to only those individuals or entities authorized by the borrower to do so in writing.

i. Ensure proper disclosures

202.    In addition to its contractual obligations, These Defendants, acting in its capacity as an escrow holder ant title company, had a duty to obtain evidence that brokers and/or agents were regularly licensed before delivering compensation arise pursuant to California Business and Professions Code section 10138 and to make available for inspection by the borrower at or before settlement by the person conducting the settlement the form required under the 12 USC section 2603 uniform settlement statement (HUD-1). These Defendants assumed this duty by entering the contract to execute the escrow for Plaintiffs and the lenders. Kangarlou v. Progressive Title Company, (2005) 128 Cal.App.4th 1174, 1180.

203.    Plaintiffs fulfilled all of the obligations required of them under the terms of the contracts/escrow instructions.

204.    These Defendants breached the escrow and title contracts with Plaintiffs by failing to ensure that the requirements set forth herein above were followed and by otherwise failing to handle the escrow arrangements to ensure that the transactions were completed in accordance with the directions of the parties to the escrow. Specifically, These Defendants breached its contract/escrow instructions with Plaintiffs by:

a. failing to have an independent third party, called a closing agent, coordinate the settlement of the real estate loans;

b. failing to obtain photocopy borrowers' authentic state-issued driver's licenses or other state-issued photo identification used to verify borrowers' identities and failing to forward the photocopies to the Lending Defendants with the closing packages;

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

c. warranting the authenticity of the signature of each party executing loan documents when they knew that the signatures were forged and not genuine, or had no reasonable basis for making the warranty;

d. releasing the loan documents without the prior approval:

e. failing to prepare and attach notary acknowledgements with current notary stamps by notaries that were properly licensed by the state of California;

f. accepting loan documents and escrow instructions that had been without the prior written approval of the parties to the escrow and knowing that the loan documents and escrow instructions had been altered;

g. paying from the loan proceeds fees and costs not identified in the escrow instructions or approved by Plaintiffs and without demand;

h. failing to have Plaintiffs acknowledge receipt of the three-day rescission notices required by law, and failing to give Plaintiffs copies of the same;

i. giving the proceeds of the loan funds to individuals or entities without the written authorization of Plaintiffs and without demand;

j. failing to obtain evidence that brokers and agents were regularly licensed brokers as required by California law and knowing that brokers or agents were not licensed as required by California, giving brokers and agents compensation arising out of the transactions in violation of Cal. Bus. & Prof. Code §10138; and

k. failing to make available for inspection by Plaintiffs at or before the settlement the form required under 12 U.S.C. §2603 (HUD-1, Uniform Settlement Statement).

l. failure to ensure proper disclosures

205.    Defendants, Financial Title, Nominal Defendant LandAmerica Lawyers Title, LandAmerica Gateway Title, Titan Escrow, The Escrow Mall, and Chicago Title also assisted

1   "Downey" in moving funds in and out of accounts via wire transfers for mortgage transactions and

2   ultimately for "Downey" to take the funds from the account.  These Defendants took their orders

3   directly from "Downey" and should have been fully aware of the obvious red flags.  These

4   Defendants also assisted "Downey" in obtaining and sending checks for homeowners insurances.

5       206.    Defendants, Chicago Title and Fidelity National Title and Fidelity National

6   Insurance, both subsidiaries of Fidelity National Financial, had a responsibility to "Dobben"  to

7   ensure the transaction was done legally and ethically within the standards of licensing mandates,

8   and instead they assisted a convicted felon, "Downey" to move funds electronically in and out of

9   the same bank account for down payments and credits, and to misrepresent and conceal the true

10  nature of the loan transaction and failed to conduct a settlement within the legal guidelines, and

11  ignored all signs of obvious fraud.  At the same time these transactions were initiated, Fidelity

12  National Financial was assisting "Downey" to open another escrow for "Dobben" to  purchase of

13  44650 6th St. Lancaster, CA.  Both property transactions consisted of forged documents and

14  asserted that they would be "Dobben" primary residences. Fidelity National Financial employees

15  aided and abetted the fraud the broker, Downey was orchestrating and knew or should have known

16  that fraud was involved.  They had a fiduciary duty to all parties to the transactions.

17      207.    Financial Title Company had a responsibility to "Dobben"  to ensure the transaction

18  was done legally and ethically within the standards of licensing mandates, and instead they assisted

19  "Downey" to move funds electronically in and out of the same bank account for down payments

20  and credits, and to misrepresent and conceal the true nature of the loan transaction and failed to

21  conduct a settlement within the legal guidelines, and ignored all signs of obvious fraud. They

22  concealed facts from "Dobben" that they could have easily ascertained upon viewing both sides of

23  the transaction for the settlement on "Silverado." Defendants, Financial Title,  could see the seller

24  side of the transaction, which the buyer can't see in California, and the title agent can also see

1  previously property transfers.  It is the title agent and settlement agent's duty to ensure the

2  consummation is legal, and the borrower or purchaser of the property  is informed of the important

3  paperwork and transactions about to be finalized and  Financial Title did not check on licenses, did

4  not explain documents, and just sent a notary to "Dobben's" home in Arizona. They had a fiduciary

5  duty to all parties to the transactions.

6
7          208.    Nominal Defendants, LandAmerica Gateway Title, failed as the settlement agent on

8  " 37th Street," and "Desert Springs," and at the same time they opened escrow for an additional

9  property on 31935 Crystalaire Drive Llano CA 93544. This should have sent up red flags, and this

10  title settlement agent also dealt directly with "Downey" on each transaction and should have known

11  he was revoked license real estate or mortgage broker.    It is the title agent and settlement agent's

12  duty to ensure the consummation is legal, and the borrower or purchaser of the property is

13  informed of the important paperwork and transactions about to be finalized.  LandAmerica

14
15  Lawyers Title did not check on licenses, did not explain documents, and only sent a notary to

16  "Dobben's" home in Arizona.

17          209.    Defendants, The Escrow Mall,  failed "Yamamura" as the settlement agent on the

18  "Yamamura" property transaction, "Sinaloa," Someone  certified  forged documents  as a true and

19  original copies and notary Janis Lynn Willoughby-Konig notarized documents with forged

20  signatures, including the Signature Affidavit and AKA Statement.    The title settlement agent dealt

21  directly with "Downey" and should have known he was not a licensed real estate or  mortgage

22  broker.    It is the title agent and settlement agents' duty to ensure the consummation is legal, and

23  the borrower or purchaser of the property is informed of the important paperwork and transactions

24
25  about to be finalized.  The Escrow Mall did not check on licenses, did not explain documents, and

26  ignored all red flags to reap financial fees.

27

28

210.    Titan Escrow had a responsibility to "Dobben" to ensure the transaction was done legally and ethically within the standards of licensing mandates, and instead they assisted "Downey" to move funds electronically in and out of the same bank account for down payments and credits, and to misrepresent and conceal the true nature of the loan transaction and failed to conduct a settlement within the legal guidelines, and ignored all signs of obvious fraud. They concealed facts from "Dobben" that they could have easily ascertained upon viewing both sides of the transaction for the settlement on "37th Street." An unknown notary used a stamp for TITAN ESCROW, to certify a document on the Property, "37th Street, Amended Escrow Instructions, which contained a forged signature of Mona Dobben. The handwriting appears to be that of another party to this illegal transaction,  however no other document states who this party is who notarized the document.  The title settlement agent also dealt directly with "Downey" and should have known he was not a licensed real estate or mortgage broker.    It is the title agent and settlement agents' duty to ensure the consummation is legal, and the borrower or purchaser of the property is informed of the important paperwork and transactions about to be finalized. Titan Escrow did not check on licenses, did not explain documents, and only sent a notary to "Dobben's" home in Arizona.

211.    As a proximate result of These Defendants breach of its contractual obligations, Plaintiffs have been damaged in an amount to be determined at trial.

212.    As a further and proximate result of the acts and conduct of These Defendants, Plaintiffs had to and have incurred legal fees in an amount to be determined at trial.

## XVIII.    FIFTH CAUSE OF ACTION-BREACH OF FIDUCIARY DUTY COUNT II

(Breach of Fiduciary Duty Against Titan Escrow Corporation, Nominal Defendant- LandAmerica Gateway Title, Fidelity National Financial Inc and Financial Title Company, Chicago Title Insurance Company, Financial Title Company)

213.    Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 212 as though the same are set forth herein in full.

214.    As a licensed escrow and title companies, Defendants Titan Escrow Corporation, Nominal Defendant- LandAmerica Gateway Title, Fidelity National Financial Inc and Financial Title Company, Chicago Title Insurance Company, Financial Title Company ("These Defendants") owed a fiduciary duty to Plaintiffs to comply strictly with the escrow parties' instructions, assuming this fiduciary duty by agreeing to execute the escrow. Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co., (2002) 27 Cal.4th 705, 711 [117 Cal. Rptr. 2d 541,41 P.3d 548].) In so doing, These Defendants were obligated to exercise reasonable skill and diligence in carrying out the escrow instructions and to comply strictly with the parties to the escrows' written instructions.

215.    As a licensed escrow and title companies, these Defendant breached its fiduciary duty to Plaintiffs by failing to exercise reasonable skill and diligence in carrying out the escrow instructions and by failing to strictly comply with the directions of the parties as contained in the written escrow instructions, in that these Defendants, through its agents and employees:

a. failed to have an independent third party, called a closing agent, coordinate the settlement of the real estate loans and allowing Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, and their agents, employees and/or representatives to act as the closing agents for the transactions.

b. failed to obtain photocopy Plaintiffs' authentic state-issued driver's licenses or other state-issued photo identification used to verify Plaintiffs' identities and failing to forward the photocopies to the lenders with the closing packages;

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

c. warranted the authenticity of the signature of each party executing loan documents when they knew that the signatures were forged and not genuine, or had no reasonable basis for making the warranty;

d. released the loan documents without the prior;

e. failed to prepare and attach notary acknowledgements with current notary stamps by notaries who were properly licensed by the state of California;

f. accepted loan documents and escrow instructions that had known that the loan documents and escrow instructions had been altered;

g. paid from the loan proceeds fees and costs not identified in the escrow instructions or approved by Plaintiffs;

h. failed to have Plaintiffs acknowledge receipt of the three-day rescission notices required by law and failed to give the borrowers copies of the same;

i. gave the proceeds of the loan funds to individuals or entities without the written authorization of Plaintiffs;

j. failed to obtain evidence that Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, were regularly licensed brokers, as required by California law, and knowing that Nominal Defendant Patrick Michael Downey, was not licensed as required by California, giving Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate compensation arising out of the transactions in violation of Cal. Bus. & Prof. Code §10138; and

k. failed to make available for inspection by Plaintiffs at or before the settlement the form required under 12 U.S.C. §2603 (HUD-1, Uniform Settlement Statement).

216.    As a proximate result of These Defendants breach of its fiduciary duty to Plaintiffs, Plaintiffs have been damaged in an amount to be determined at the time of trial.

217.    In doing the acts herein alleged, These Defendants intended to cause injury to Plaintiffs and carried out its conduct in conscious disregard of the rights of Plaintiffs such that the conduct of These Defendants constitutes fraudulent, oppressive and malicious conduct toward Plaintiffs. Accordingly, Plaintiffs are entitled to an award of exemplary and punitive damages under §3294 of the California Civil Code.

## XIX.    SIXTH CAUSE OF ACTION-AIDING AND ABETTING COUNT I

(Against Defendants Titan Escrow Corporation, Nominal Defendant- LandAmerica Gateway Title, Fidelity National Financial Inc and Financial Title Company, Chicago Title Insurance Company, Financial Title Company   for Aiding and Abetting the Fraud of Defendants Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate)

218.    Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 217 as though the same were set forth herein in full.

219.    The deliberate and successful efforts by Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives to confuse and obfuscate the terms of the loans to Plaintiffs, as hereinabove allege, constituted a scheme to defraud Plaintiffs.  Titan Escrow Corporation, Nominal Defendant- LandAmerica Gateway Title, Fidelity National Financial Inc and Financial Title Company, Chicago Title Insurance Company, Financial Title Company (Hereinafter These Defendants") and its escrow and title officers,  had actual knowledge of the fraud and aided and abetted the fraud of Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives. Among other things, These Defendants and its escrow and title officers, including:

a. released loan documents for signature without the lender's prior approval, contrary to the Lender's Closing Instructions, so that forged signatures could be obtained on the loan documents and disbursal forms;

b. accepted in escrow fraudulent loan documents without appropriate authorization;

c. accepted into escrow loan documents notarized by persons unknown to These Defendants and outside of its title company office;

d. accepted into escrow loan documents that were obviously forged or altered, which documents were given to These Defendants by Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives;

e. allowed outside individuals to act as the closing agents, contrary to the Lender's Closing Instructions that prohibited any party that is a party to the transaction from acting as the closing agent;

f. failed to get photocopies of the drivers' licenses or other state-issued photo identification in order to verify Plaintiffs' identities and failing to forward the photocopies to the lenders along with closing packages, contrary to the Lender's Closing Instructions;

g. accepted the loan documents and forwarding the same to the lender, knowing that the loan documents were altered without the written prior approval of the lender or Plaintiffs;

h. ignored complaints from Plaintiffs concerning the conduct of Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives and failing to provide Plaintiffs with their loan documents, despite demands for the same;

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

i. failed to send or provide to Plaintiffs the "HUD-1" statements;

j. accepted documents as being genuine, knowing that Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives notarized what was purportedly the signatures of Plaintiffs, knowing that Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and others were not licensed notaries;

k. refused to provide Plaintiffs with information about their loans, fees and charges notwithstanding Plaintiffs' demands for the information.

l. failed to obtain evidence Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate were properly licensed before delivering compensation arising out of the transaction pursuant to California Business and Professions Code section 10138, when in fact Downey was not so licensed.

m. gave Plaintiffs' loan proceeds to Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, notwithstanding the fact that there was no written authorization for such act.

220.    Plaintiffs allege that These Defendant and its escrow and title officers, had actual knowledge of the fraud based upon that fact that These Defendants and its escrow officers, actually knew that:

a. original loan documents were in the possession of Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives without the lender's prior approval and contrary to the Lender's Closing Instructions and that Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

Real Estate and their agents, employees and/or representatives forged Plaintiffs' signatures on the loan documents and disbursal forms;

b. Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate were not authorized to sign loan documents on behalf of and nonetheless accepted loan documents that were signed by Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate;

c. Plaintiffs' signatures on the loan documents were falsely notarized by persons who were not licensed notaries and allowing the signatures on the documents to be done outside of the offices of These Defendants;

d. Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate acting as the closing agents, contrary to the Lender's Closing Instructions that prohibited any party that is a party to the transaction from acting as the closing agent;

e. These Defendant had failed to get photocopies of the drivers' licenses or other state-issued photo identification in order to verify Plaintiffs' identities and then refusing to forward the photocopies to the lenders along with closing packages, contrary to the Lender's Closing Instructions;

f. Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate had altered and forged loan documents and, notwithstanding this fact, forwarded the forged loan documents to the lender knowing that the loan documents were altered by Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate without the written prior approval of the lender or Plaintiffs;

g. there were complaints from Plaintiffs concerning the conduct of Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives and yet These Defendants and its escrow officers and title officers failed and refused to take any action whatsoever to investigate the complaints;

h. These Defendants had failed to send or provide to Plaintiffs the "HUD-1" statements;

i. These Defendants and its title and escrow officers, refused to provide Plaintiffs with information about their loans, fees and charges incurred during the loan process, notwithstanding Plaintiffs' demand for the information; and

j. These Defendants and its escrow officers delivered compensation to Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate , knowing that they were not properly licensed by the Department of Real Estate, as required by <u>California Business and Professions Code section 10138</u>, when in Downey was not so licensed.

221.    As a direct and proximate result of the acts and conduct of These Defendants , as alleged above, Plaintiffs have suffered substantial damages, including being charged excessive fees, interests and costs they never agreed to, loss of use of money, all in an amount to be ascertained at the time of trial of this matter.

**XX.    SEVENTH CAUSE OF ACTION-AIDING AND ABETTING COUNT II**

(Against Defendants Washington Mutual, Countrywide Bank, Nominal Defendant American Home and its related entities, American Home Mortgage Assets LLC, AHMA 2007-5 TRUST, Wells Fargo Bank, N.A., MortgageIt, Commitment Lending DBA Horizon Direct, Inc., T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee, for Aiding and Abetting Fraud)

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

222.    Plaintiffs reallege and incorporate by this reference the allegations hereinabove set forth in paragraphs 1 through 221 as though the same were set forth herein in full.

223.    The deliberate and successful efforts of to Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives, as hereinabove alleged, constituted a scheme to defraud Plaintiffs. Plaintiffs are informed and believe, and based thereon allege, that defendants Washington Mutual, Countrywide Bank, Nominal Defendant American Home and its related entities, Wells Fargo Bank, N.A., MortgageIt, Commitment Lending DBA Horizon Direct, Inc., T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee , American Home Mortgage Assets LLC Trust Series 2007-5 ("These Defendants")  had actual knowledge of the fraud and aided and abetted in the fraud in that These Defendants, by and through its employees and agents acting within their scope and authority:

a. processed Plaintiffs' loan documents and recommended approval of the loan applications submitted by Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives with the actual knowledge that these defendants and their agents, employees and/or representatives had:

b. forged Plaintiffs' signatures on the loan documents;

c. altered the information on the loan applications without Plaintiffs' knowledge or consent;

d. reviewed the credit reports of Plaintiffs and determined that Plaintiffs' credit, as reflected in the reports, was inconsistent with the information set forth in the loan applications and financial statements submitted to These Defendants as part of the loan approval process;

e. proposed loan terms that were inconsistent with the needs of Plaintiffs and were not appropriate for Plaintiffs, based upon the credit reports obtained by These Defendants.

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

f. received numerous complaints and inquiries about the practices of Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate, and their agents, employees and/or representatives yet refused to investigate the complaints or to stop doing business with Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives, even after lenders knew of the fraud based upon the complaints and inquiries of Plaintiffs.

g. accepted the loan documents, knowing that the loan documents were altered by these.

h. Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives without the written prior approval of the lender or Plaintiffs;

i. ignored numerous complaints from Plaintiffs concerning the conduct of the Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives and failing to provide Plaintiffs with their loan documents, despite demands for the same;

j. refused to provide Plaintiffs with information about their loans, fees and charges, notwithstanding Plaintiffs' demand for the information.

k. continued to do business with Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives, knowing that Downey, was not licensed by the California Department of Real Estate to operate as a loan broker;

l. funded the loans to Plaintiffs, thus providing the funds that Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate and their agents, employees and/or representatives took from Plaintiffs without

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

1  their knowledge or consent and paid over to third parties. Absent this assistance, the scheme

2  could not have been successful.

3  224.   As a direct and proximate result of the acts and conduct of These Defendants, as

4  alleged above, Plaintiffs have suffered substantial damages, all in an amount to be ascertained at

5  the time of trial of this matter.

6  **XXI.   EIGHTH CAUSE OF ACTION BREACH OF DUTY**

7
8  (For Breach of Duty Against Notary Defendants Deborah Huffert, Ilham Theodory, The Escrow

9  Mall, Janis Lynn Willoughby-Koni)

10  225.   Plaintiffs reallege and incorporate by this reference the allegations hereinabove set

11  forth in paragraphs 1 through 224 as though the same were set forth herein in full.

12  226.   Defendants Deborah Huffert Ilham Theodory, The Escrow Mall, Janis Lynn

13  Willoughby-Koni ("Notary Defendants") at all times relevant hereto, claimed to be notaries public

14  duly licensed by the state of California. In doing the acts herein complained of, including but not

15  limited to giving notarized forged signatures of Plaintiffs, breached their duty as notaries and

16
17  engaged in official misconduct and neglect of a notary.

18  227.   In their capacity as notaries these Notary Defendants were acting in the course and

19  scope of that agency and employment in doing the acts herein above alleged.

20  228.   As a proximate result of the acts and conduct of these Notary Defendants they are

21  liable to Plaintiffs for all damages sustained by Plaintiffs. (Cal.Gov. Code § 8214).

22  **XII.   NINTH CAUSE OF ACTION-CANCELLATION OF WRITTEN INSTRUMENTS**

23  **BASED ON FORGEY**

24
25  (Cancellation of Written Instruments against Defendants Washington Mutual, Countrywide Bank,

26  Nominal Defendant American Home and its related entities, American Home Mortgage Assetss

27  LLC, AHMA 2007-5 Trust, Wells Fargo Bank, N.A., Mortgagelt, Commitment Lending DBA

28

Horizon Direct, Inc., T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee , and DOE defendants holding note in securitized trust, or REO portfolio.)

229.    Plaintiff incorporates the allegations contained in paragraphs 1 through 228, inclusive, as though fully set forth at this place.

230.    Deeds of Trust were at all times herein mentioned in existence which purported to encumber the Subject Properties at 37th Street, Silverado, La Paz, Desert Springs.

231.    The documents which support the transaction, namely the loan documents are forged. These documents do not bear Plaintiffs' actual and true signature.

Plaintiff intends service of the Summons and Complaint in this action to serve as a notice of cancellation of Deeds of Trust. The deeds have caused and if left not cancelled will continued to cause Plaintiffs serious injury if left outstanding. Plaintiff now seeks to cancel the Deeds of Trust on the Subject Properties pursuant to Civil Code Section 3412.

WHEREFORE, plaintiff prays for judgment as follows:

a. That this Court declare and enter an order and judgment that the Deeds of Trust are null and void *ab initio* and was obtained through fraud;

b. For costs of suit;

c. For such other and further relief as this court deems just and proper.

## XXIII. TENTH CAUSE OF ACTION-RECISSION

(Rescission As Against Washington Mutual, Countrywide Bank, Nominal Defendant American Home and its related entities, American Home Mortgage Assets LLC, AHMA 2007-5 Trust, Wells Fargo Bank, N.A., MortgageIt, Commitment Lending DBA Horizon Direct, Inc., T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee and and DOE defendants holding note in securitized trust, or REO portfolio.)

232.    Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 231 above, as though fully set forth herein.

233.    Plaintiffs allege that their consent to the loan agreements referenced herein were not free and mutual, due to the fraud of all Defendants and each of them. Plaintiffs allege that, as a result, and under Civil Code §§ 1566, 1689(b)(1) and 1689(b)(7), the loan agreements are voidable as between Plaintiffs, on one hand, and Washington Mutual, Countrywide Bank, Nominal Defendant American Home and its related entities, Wells Fargo Bank, N.A., MortgageIt, Commitment Lending DBA Horizon Direct, Inc., T.D. Service, A Deutsche Bank National Trust Company Indenture Trustee , American Home Mortgage Assets LLC Trust Series 2007-5 ("Lending Defendants"), on the other hand.

234.    The loan agreements state that Defendants loaned to Plaintiffs a sum certain which sum Plaintiffs would pay back with interest. The sum certain is the only item of value given to Plaintiffs by Defendants.

235.    As security for this loan These Lending Defendants obtained deeds of trust recorded against the Subject Properties. The Subject Properties were valued by Defendants and determined to have a greater value than the principal balance of the loan.

236.    Plaintiffs never knew of the terms of the loans because they were obtained by fraud as heretofore set forth. Even so Plaintiffs attempted to pay on the loans while she determined what had transpired and made some regular monthly payments.

237.    Defendants have taken possession of the Subject Properties and completed foreclosure sales.

238.    The value of the Subject Properties, based upon information and belief, was determined by Defendants to be at least equal to the balance due on the mortgage. Therefore, Defendants have been restored with the value of all benefits conferred upon Plaintiffs.

239.    Plaintiffs have and will suffer substantial harm and injury if the loan contracts are not adjudicated to be rescinded, in that Plaintiffs, amongst other damages set forth herein will continue to endure the negative consequences of having a foreclosure listed in their credit report.

240.    Plaintiff sent rescission letters to Washington Mutual on November 13, 2009, American Home on November 13, 2007 and Countrywide on November 13, 2007. In addition, Plaintiff intends service of the summons and complaint in this action to serve as notice of rescission of the loan contract.

241.    Plaintiffs hereby demand that Defendants restore to Plaintiffs each and everything of value confirmed upon Defendants. Plaintiff further demands that their credit rating prior to the loan agreement be restored and that Defendants reverse any and all negative reporting to all credit bureaus.

242.    Plaintiffs have been forced to retain an attorney and expend resources on attorney's fees and court costs to pursue this Rescission cause of action. Plaintiffs are entitled to recover attorney's fees and court costs expended pursuant to the terns of the loan contract.

WHEREFORE, Plaintiffs seek judgment as follows:

## XXIV.    ELEVENTH CAUSE OF ACTION VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750 et seq.

(Against Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate)

243.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

244.    Defendants' above-described conduct violated the California Consumers Legal Remedies Act, Civ. Code § 1750 et seq., in at least the following respects:

a. in violation of Civ. Code § 1770(a)(5), representing that their services have characteristics, uses, or benefits which they did not have;

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

b. in violation of <u>Civ. Code § 1770(a)(9)</u>, advertising services with intent not to sell them as advertised;

c. in violation of <u>§ 1770(a)(14)</u>, representing that their transactions involve rights and/or obligations which they do not have;

d. in violation of <u>§ 1770(a)(16)</u>, representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not;

e. in violation of <u>§ 1770(a)(18)</u>, misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer;

f. in violation of <u>§ 1770(a)(19)</u>, inserting an unconscionable provision in the contract.

245.    These Defendant aided and abetted the other defendants' violations of the Consumers' Legal Remedies Act in that they knew of defendant's fraud loan practices, substantially assisted in their accomplishment, and profited from them.

246.    Plaintiffs and members of the Plaintiff class are entitled to recover actual damages pursuant to <u>Civ. Code § 1780(a)(l)</u>.

247.    Plaintiffs are entitled to an order enjoining Defendants' illegal methods, acts and practices pursuant to <u>Civ. Code § 1780(a)(2)</u>.

248.    Plaintiffs are entitled to their reasonable costs, expenses and attorneys' fees pursuant to <u>Civ. Code § 1780(d)</u>.

249.    Plaintiffs are entitled to recover punitive damages pursuant to <u>Civ. Code § 1780(a)(l)(4)</u>.

250.    Plaintiffs are entitled to penalties up to $5,000 under <u>Civ. Code § 1781</u>.

**XXV.  TWELFTH CAUSE OF ACTION FOR VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq*., and Federal Reserve Regulation Z, 12 C.F.R. § 226 *et seq*.;**

(Against Washington Mutual, American Home and related entities, Countrywide, Commitment Lending and MortgageIt)

251.     Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

252.     Plaintiffs did serve Defendants and servicer agents; Countrywide, Washington Mutual, and American Home defendants written Notice of Cancellation/Rescission. All refused to rescind.

253.     Defendants, Washington Mutual, American Home, Countrywide, Commitment Lending and MortgageIt, are creditors within the meaning of the Truth in Lending Act ("TILA") as implemented by Regulation Z.

254.     Defendant Washington Mutual, American Home, Countrywide, Commitment Lending and MortgageIt violated TILA and Regulation Z by failing to provide Plaintiff with appropriate material disclosures required under TILA.

255.     Defendants, and each of them, overcharged for closing costs, commissions and all related fees, which Defendants failed to disclose to Plaintiff and which were not bona fide and reasonable for services rendered.

256.     Plaintiffs did not get proper disclosure of fees and Good Faith Estimates as required under TILA, within 3 days of loan application.

257.     Defendants, Washington Mutual, American Home Mortgage, Countrywide, Commitment Lending and MortgageIt paid other Defendants, and collected fees for themselves, under the guise of their customary fees, costs and commissions, but these payments were not earned because the value of services these Defendants actually performed for Plaintiff, each and everyone one of them, were built upon fraud, concealment, and material misrepresentations for

their own pecuniary gain.  These fees in each and every case were excessive and abusive and no way in line with appropriate and fair compensation.

258.    By implementing their "fraud scheme" as alleged throughout this complaint, and overcharging for that fraud, their compensation should be zero.

259.    Defendants targeted Plaintiffs due to good credit scores, and made assertions that were wholly false and misleading, and provided no information about the multiple mortgages they were saddling victims with, including in some cases negatively amortizing arms, and in other cases first and second mortgages, or HELOCS. All came complete with predatory prepayment penalties. For this they earned multiple commissions and YSP kickback incentives to commit fraud for their omissions.

260.    Plaintiffs did not sign loan agreements to purchase properties or filled out loan applications to apply for said loans. Plaintiffs would have not willingly agreed to any of the terms had they been properly represented and informed.

261.    Title 15 §1641(a)(b)(c) is clear - All liability in civil action may be maintained against anyone who is an assignee therefore making the owner of the note an absolute requirement for the borrowers.

262.    Title 15 §1641(f)(2) is clear - Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the <u>owner of the obligation or the master servicer</u> of the obligation.

**WHEREFORE**, Plaintiffs pray for relief as set forth below.

Plaintiff seeks relief under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., to obtain rescission, injunctive relief, redress, restitution, disgorgement, money damage attorneys' fees and other equitable relief against Defendants for engaging in Unfair or deceptive acts or practices in violation of TILA, 15 U.S.C. 1601 et seq., and its implementing Regulation

Z, 12 C.F.R. Part 226.

## XXVI. THIRTEEN CAUSE OF ACTION FOR VIOLATION OF THE REAL ESTATE AND SETTLEMENTS PROCEDURE ACT 12 U.S.C. § 2601 et seq. and Federal Reserve Regulation X, 24 C.F.R. § 3500 et seq.;

(Against Washington Mutual, American Home Mortgage, Countrywide, MortgageIt, Commitment Lending, Chicago Title, Financial Title, LandAmerica, Fidelity National Title, Titan Escrow, The Escrow Mall)

263.     Plaintiffs reallege and incorporate by this reference all the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

264.     The loans to Plaintiffs by Defendants, "WaMu" "Countrywide" " Commitment Lending," "MortgageIT" and "American Home Mortgage," are federally related mortgage loans as defined in the Real Estate Settlement Procedures Act ("RESPA") and implemented by Regulation X which are broad in terms of their representation.

265.     Washington Mutual, American Home Mortgage, Commitment Lending, MortgageIT, and Countrywide paid a YSP to the revoked license broker, "Downey" through Historical Real Estate, not for services actually performed but for "terms" added to the mortgage loan which were detrimental to Plaintiffs and highly favorable to the lenders.

266.     Defendants violated RESPA, 12 U.S.C. § 2607(a) by paying a YSP to Historical Real Estate. "RESPA  8(a) provides that "no person shall give and no person shall accept any fee, kickback, or thing of value, pursuant to any agreement or understanding, oral or otherwise, that business incident to, or a part of a real estate settlement  service involving a federally related mortgage loan shall be referred to any person."

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

267.    MortgageIt, allowed excessive fees for settlement and title insurance charges to Fidelity National Financial, on the "LaPaz" transaction,  and may have fee split title insurance fees with the title agents.

268.    "WaMu" allowed  excessive fees for settlement and title insurance charges to Financial Title on the "Silverado" transaction, and may have fee split title insurance fees with the title agents.

269.    American Home Mortgage allowed excessive settlement and title insurance fees to LandAmerica Gateway Title, on the "37th Street" transaction and may have fee split title insurance fees with the title agents.  American Home openly reveals they operate captive reinsurance subsidiaries used for this purpose and openly states in investment filings that these practices have been found to be illegal in many instances. American Home processed all closing documents through American Brokers Conduit and American Home Mortgage Acceptance.

270.    "Countrywide" allowed excessive settlement and title insurance fees to Gateway Title on the "Desert Springs," transaction, and may have fee split title insurance fees with the title agents.

271.    "Commitment Lending" allowed excessive settlement and title insurance fees to Fidelity National Insurance, on the "Sinaloa" property, and may have fee split title insurance fees with the title agents, via a captive reinsurance entity.

272.    Washington Mutual, American Home Mortgage, Commitment Lending, MortgageIT, and Countrywide violated Section 8(b) of RESPA, 12 U.S.C. § 2607(b), which provides that "no person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually

performed." Section 8 violations are further defined by 24 C.F.R. § 3500.14, "Prohibition against kickbacks and unearned fees."

273.     Washington Mutual, American Home Mortgage, Commitment Lending, MortgageIT, and Countrywide violated Section 8(b) of RESPA, 12 U.S.C. § 2607(b), which explains that "in some cases less scrupulous brokers and lenders take advantage of the complexity of the settlement transaction and use "YSP" as a way to enhance the profitability of mortgage transactions without offering the borrower lower upfront fees." Id. at 53, 054.

274.     Moreover, HUD established a two part test for determining the legality of lender payments to mortgage brokers under RESPA: (1) Whether goods or facilities were actually furnished or the services were actually performed for the compensation paid, and (2) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.  HUD, Statement of Policy 2001-1, 66 Fed.reg. At 53, 052.

275.     In the case of the Defendants, and each and every one of them, collected fees for goods/ services that were not actually performed and where the payments were not reasonably related to the value of the goods/services and the Defendants' chose to commit multiple acts of fraud as described throughout this complaint.

276.     Defendant Chicago Title, title insurer and settlement agent for "La Paz" should be held liable for their RESPA violations in conducting escrow, settlement and insuring title, aiding and abetting a revoked license broker and ignoring obvious signs of fraud.

277.     Defendant Financial Title Company, title insurer and settlement agent for "Silverado" should be held liable for their RESPA violations in conducting escrow, settlement and insuring title and ignoring obvious signs of fraud.

278.     Defendant LandAmerica Gateway Title, title insurer and settlement agent for

1    "Desert Springs" should be held liable for their RESPA violations in conducting escrow, settlement

2    and insuring title, aiding and abetting a revoked license broker and ignoring obvious signs of fraud.

3         279.    Defendant LandAmerica Gateway Title, title insurer and settlement agent for

4    "37th Street" should be held liable for their RESPA violations in conducting escrow, settlement and

5    insuring title, aiding and abetting a REVOKED license broker and ignoring obvious signs of fraud.

6         280.    Defendant, LandAmerica Lawyers Title, and agent Dawn Hogan, upon information

7    and belief, may also be known as Daun Lucky Hogan-White, Dawn White, Dawn Hogan-Webb,

8    and has acted as a notary, escrow and a settlement officer with the primary used title and escrow

9    agent LandAmerica Lawyers Title, 3140 Telegraph Rd. Suite C. Ventura CA 93003.

10

11   The adjoining suite address of , 3140 Telegraph Rd. Suite D. Ventura CA 93003 is listed as a

12   previous address for Patrick Downey's wife and Stacy Eagle's mother, Norma Downey.  Dawn

13   Hogan is a escrow agent and participated in opening escrow on failed transactions..

14
         281.    Defendant, Fidelity National Financial, title insurer and settlement agent for
15
     "Sinaloa" should be held liable for their RESPA violations in conducting escrow, settlement and
16
     insuring title, aiding and abetting a REVOKED license broker and ignoring obvious signs of fraud.
17

18        282.    Defendants "Historical," acceptance of a YSP and/or other payments, was an

19   unlawful kickback, unlawful fee splitting and/or an unearned fee under RESPA because it was not

20   reasonably related to the performance of lawful services.  Instead of performing lawful services, the

21   Defendants, Historical and Downey, committed multiple acts of Fraud on the Plaintiff as described

22
     herein.
23
          283.    Defendants, Washington Mutual, American Home Mortgage, Commitment Lending,
24
     MortgageIT, and Countrywide, should have known that Defendants did not earn  the YSP or other
25
     payments because, *inter alia*, ".....common industry practice is that lenders follow underwriting
26
     standard  that demand a review of originations and therefore lenders typically know that brokers
27

28

have performed the services required…" HUD 2001-1 Policy statement as 53055. If Defendants had exercised ordinary care, and reviewed the signatures, on all documents, including loan application, Washington Mutual, American Home Mortgage, would have discovered the fraud early.

284.    Commitment Lending, American Home, MortgageIT, and Countrywide could have identified the obvious red flags the transactions and not paid the YSP based incentives.

285.    RESPA prohibits any person from accepting an excessive or unearned fees. All fees on Plaintiff's loan are excessive or unearned because the loan was not reasonably related to the performance of lawful services.   The value of the services that Defendants actually performed for Plaintiff by and through multiple acts of Fraud as alleged herein, is ZERO.

286.    Defendants, targeted, tricked and trapped Plaintiffs into loan transactions from which they can't escape short of Court intervention. Each Defendant, had a duty to come forward and reveal knowledge of red flags, which could have stopped the transactions at various points and stop the Fraud. Each Defendant, under mandates required by law, and state licensing, and ethical code of conduct failed to uphold those required duties, and ignored the obvious for pecuniary gain.

287.    Washington Mutual, American Home Mortgage, Wells Fargo, and Countrywide have violated RESPA, after receiving and not properly replying to Plaintiffs written requests

288.    Washington Mutual, American Home Mortgage, and Countrywide all reported negative credit information to all three credit bureaus in violation of the 60 day RESPA investigative period.

289.    Washington Mutual, American Home Mortgage, and Countrywide  have violated RESPA, by not responding and obfuscating the true owner of the note after a specific request under TILA 1641(f)(2) to disclose the true owner of the note or master servicer.

290.    Title 12 § 2605(e)(A) is clear – The loan servicer has a duty to respond to borrower inquiries. These Lenders had a duty to respond as required under Title 12  §2605 (2)(A)(B)(C), and each of them failed.

291.    "WaMu" did not honor "Dobben's" RESPA request and repeatedly harassed Ms. Dobben after Senior Credit Services Manager, Richard McCoppin, was notified and reminded over and over again that Ms. Dobben did not wish for "WaMu"  to contact her by phone regarding her loan and had requested all contact be through her daughter or Paula Rush.

292.    Countrywide did not honor "Dobben's" RESPA request and repeatedly harassed Ms. Dobben, after representatives, Jeanne Adams, Janis Allen, and Ida Samko, were notified and reminded over and over again that Ms. Dobben did not wish for Countrywide  to contact her by phone regarding her loan, and had requested all contact be through her daughter or Paula Rush.

293.    "Dobben" enlisted the assistance of investigator Paula Rush, who attempted to work through both Richard McCoppin and Robin Marks, "WaMu" fraud investigator; however, "WaMu" hounded "Plaintiff" relentlessly by phone. "Plaintiff" was extremely distressed over what had happened to her, and "WaMu" seemed bent out driving her over the edge emotionally. Paula Rush reminded " WaMu" over and over again of "Plaintiffs" wishes and the release stating "WaMu" was not to contact her, but to no avail, "WaMu" harassed  "Plaintiff" mercilessly, calling all day-everyday.

294.    Nominal Defendant American Home Mortgage conducted a foreclosure on April 29, 2008 without any response to the Plaintiff's written request, inquiries, or any investigation as required under Plaintiff's RESPA letter, and without disclosing the true owner of the note as requested in Plaintiff's RESPA letter.  In fact, America Home Mortgage has refused repeated attempts of "Plaintiff," her daughter and her appointed representative, Paula Rush to discuss her loan issues and the bigger issue of a mortgage fraud ring, even after Mona Dobben gave her

daughter Alex Yamamura and Paula Rush limited Power of Attorney in order to assist her and speak for her.

295.   Countrywide did not fully respond to Plaintiff's RESPA letter, by refusing to provide Plaintiff's loan file without first obtaining a subpoena. Then after conducting an investigation, Countrywide not only chose not to correct the issues presented as required under RESPA, they also suggested they knew the documents were forged and then decided to rescind that statement and not correct the issues presented, and refused to provide access to those documents.

296.   Pursuant to 12 U.S.C. Section 2607 (d), Plaintiff is entitled to recover from Defendants, each and every one of them, an amount equal to three times the amount of any and all charges for "settlement services" paid directly or indirectly by Plaintiff, as well as actual damages, court costs, attorney's fees and any other amounts or damages permissible under RESPA.

297.   The loans which are the subject of this complaint are:  1921 (a) (1) an "Adjustable-rate residential mortgage loan."  (2)"American Home," "Countrywide," "WaMu," "MortgageIT," "Commitment Lending," were a "Lender," and failed to provide disclosures as Required under 1921 (c) (d) (e) (f).

298.   The lenders are liable for actual damages, the costs of the action, and reasonable attorney's fees as determined by the court.  The court may make those orders as may be necessary to prevent future violations of this section.

## XXVIII.   FOURTEENTH CAUSE OF ACTION- RICO

(Against Defendants Washington Mutual, American Home Mortgage, American Home Mortgage Assets LLC, AHMSI, AHMA 2007-5 Trust, Wells Fargo, TD Service, Countrywide, MortgageIt, Commitment Lending, Chicago Title, Financial Title, LandAmerica, Fidelity National Title, Titan Escrow, The Escrow Mall, Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate )

299.    Plaintiffs reallege and incorporate by this reference all the allegations of the proceeding paragraphs of this Complaint as though fully set forth herein.

300.    At all times relevant to this complaint, there existed a civil conspiracy between Defendants, and each of them, the object of which was to reap substantial profits by targeting this senior citizen, Mona Dobben, and her daughter Alex Yamamura, and other known victims,   to coerce and mislead them into transactions which were not for Plaintiff's benefit so as to engorge themselves with ill gotten gains.

301.    Each Defendant does substantial business with each other Defendant, and each participates in the real estate transactions in a different but necessary role, thereby creating an enterprise for the sole purpose to defraud victims and conduct mortgage fraud.

302.    Said conspiracy also included a common plan or design to falsify the purchase agreements, loan applications, and to obscure the terms of the loans, mislead as to the value of property, and "unload" personal obligations of friends, family members and associates, at great harm to the Plaintiffs.' All Defendants either were complicit by ignoring red flags, or were active participants on numerous transactions with one another.

303.    Plaintiffs Mona Dobben and Alex Yamamura were the victims of a RICO civil Conspiracy. Defendants Washington Mutual, American Home Mortgage, American Home Mortgage Assets LLC, AHMSI, AHMA 2007-5 Trust, Wells Fargo, TD Service, Countrywide, MortgageIt, Commitment Lending, Chicago Title, Financial Title, LandAmerica, Fidelity National Title, Titan Escrow, The Escrow Mall, Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate participated in this massive fraud by underwriting and processing the loans, and creating an agency relationship by offering an YSP incentive, and ignored all signs of obvious fraud and forged documents, to resell the tainted

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

paper on the secondary market, and in that conspiracy aided and abetted the forwarding of these transactions.

304.    These lenders offered incentives to "Downey" through "Historical" paying the YSP for all the loan terms, including prepayment penalties, a higher interest rate based on a margin over the index, inflated appraisals and for pushing these two victims, Mona Dobben and Alex Yamamura into real estate transactions and loans knowing full well these loans would not be sustainable by Plaintiffs, and the rents for the "Dobben" properties would not be enough to cover the loan payments.

305.    Defendants Washington Mutual, American Home Mortgage, American Home Mortgage Assets LLC, AHMSI, AHMA 2007-5 Trust, Wells Fargo, TD Service, Countrywide, MortgageIt, Commitment Lending, Chicago Title, Financial Title, LandAmerica, Fidelity National Title, Titan Escrow, The Escrow Mall, Nominal Defendant Patrick Michael Downey, Gregory Blair Clark, Ilham Theodory, Historical Real Estate, Preferred Real Estate participated in the conspiracy and then furthered the conspiracy when each proceeded to reject multiple attempts at resolution for "Dobben" without need for litigation.  Even after being presented with overwhelming evidence in support of Plaintiffs claims and acknowledging that fraud was evident, each chose to retain the "fruits of the fraud," and destroy "Dobben's" credit, health and emotional well being in order to ensure they would not have to buy back loans out of Trusts and to collect on mortgage insurances and credit default swaps.

306.    American Home Mortgage executives, through American Home Mortgage Assets LLC, and the Trust they created AHMA 2007-5 Trust, participated in the conspiracy as they refused to respond to any inquiries from "Dobben" even after a certified letter was sent alerting them an illegal foreclosure was being conducted by  American Home Mortgage Servicing

American Home Mortgage Assets LLC and AHMA 2007-5 Trust collected mortgage insurance from MGIC of over $100,000 or 25% of the "Dobben" loan on "37th Street," which was the reason for not addressing the issues of fraud.

307.    AH Mortgage Acquisitions, after a final legal close to purchase the servicing platform of American Home Mortgage Servicing on April 11, 2008, participated in the conspiracy as they refused to respond to any inquiries from "Dobben" even after a certified letter was sent alerting them an illegal foreclosure was being conducted by American Home Mortgage Servicing.

308.    Wells Fargo Bank as Master Servicer for AHMA 2007-5 Trust participated in the conspiracy as they refused to respond to all inquiries from "Dobben" even after a certified letter was sent alerting them an illegal foreclosure was being conducted by American Home Mortgage Servicing. Wells Fargo also assisted in collecting the mortgage insurance from MGIC.

309.    TD Service Company participated in the conspiracy as they refused to respond to any inquiries from "Dobben" even after a certified letter was sent alerting them an illegal foreclosure was being conducted by American Home Mortgage Servicing. "TD Service Co.," conducted the foreclosure on "37th Street," after notification of all the issues presented herein, including the fact that Mona Dobben had not been properly notified of the foreclosure action, thereby substantially assisting American Home Mortgage, American Home Mortgage Assets LLC, AHMA 2007-5, Deutsche Bank, Wells Fargo, and participating in the conspiracy.

310.    "WaMu," "Countrywide," "American Home Mortgage," "American Home Mortgage Assets LLC," "AHMA 2007-5," "Deutsche Bank," "Wells Fargo," failed to maintain adequate underwriting, or fraud detection alerts, resulting in substantial harm to Plaintiff. They aided and abetted "Downey" and co conspirators to do real estate and mortgage business and prolonged and escalated the harm by refusing to respond and engage in loss mitigation.

311.    Preferred Real Estate, and Ilham Theodory, sellers, appraisers, family members, employees and known associates, did participate in the conspiracy to defraud Mona Dobben. "Theodory" conspired with employee Michael Hansen, and he participated as an appraiser, a seller of property, and faxed a forged purchase contract from Hansen-Appraisals.

312.    Preferred Real Estate & Finance and principal Ilham Theodory acted as the listing agent and conspired to assist family members and employees of relieving themselves of properties to the detriment of Mona Dobben.

313.    As a result of such conduct Plaintiffs seek all statutory damages according to proof.

**XXIX.    FIFTEENTH CAUSE OF ACTION FOR VIOLATION INSURANCE CODE SECTION 770 -776**

(Against -Historical Real Estate, Patrick Downey, First American Specialty Ins. Co., Farmers Next Generation Insurance,  Lancaster Insurance Services, Inc., Fidelity National Insurance Co.)

314.    Plaintiffs incorporate all prior allegations and further allege that Historical Real Estate agent, "Downey," ordered homeowners insurance policies with extra coverage's for tenants, and presented that the properties were owner occupied when in fact they were rentals, and vacant at the time. "Downey" arranged for the payment of these policies to take place through closing by the settlement and escrow agents.

315.    Defendants violated Insurance Code Sections 770 -776. Downey negotiated insurance in violation of Insurance Code Sections 770. Downey violated Section 772 as "Dobben" did not in her own handwriting, authorized any chosen insurance agent or broker or authorize such insurance.

316.    Plaintiff Mona Dobben did not get paperwork, as it all went the property addresses as arranged by "Downey," and was unaware of all the extra coverage's she was charged for, and

1  the risks associated with the extra coverage's upon which a renter may have planned to make a

2  claim.

3      317.    First American Specialty Ins. Co., Farmers Next Generation Insurance, Lancaster

4  Insurance Services, Inc., and Fidelity National Insurance Co., failed to interview or communicate

5  with the principal insured, Mona Dobben, and confirm that policies that were underwritten were

6  accurate and requested by the insured. "Dobben" did not fill out any application or sign for any

7  coverage's, or coordinate any information which was communicated to this insurance company.

8  "Downey" controlled the entire process and was the only point of contact for the Insurance agent.

9  This was negligent and insurance fraud in the name of Mona Dobben.

10 WHEREFORE, Plaintiff prays for relief as set forth below.

11

12 **XXX.  SIXTEENTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA**

13 **BUSINESS AND PROFESSIONS CODE DIVISION 4 PART 3 SECTION 11300 *et seq*. &**

14 **FIRREA**

15 (Against Michael Hansen, Sarah Hansen, Appraisal Services ASAP aka Hansen Appraisal &

16 Associates, Hannah Appraisal Service, Sunday Alekhougie)

17

18     318.    Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act of

19 1989 (FIRREA) (Pub. L. No. 101-73, 103 Stat. 183 (1989)), 12 U.S.C. 3310, 3331-3351, and

20 section 5(b) of the Bank Holding Company Act, 12 U.S.C. 1844(b). It is a crime for anyone to

21 willfully overvalue any land or property, or knowingly make any false statement, for the purpose of

22 influencing federally insured mortgage lenders and other financial institutions (18 U.S.C. § 1014).

23     319.    Plaintiffs, reallege and incorporate by this reference all the allegations of the

24 proceeding paragraphs of this Complaint as though fully set forth herein.

25

26     320.    Hannah Appraisals and principal Douglas Hannah did not conduct an independent

27 or impartial appraisal on the "Yamamura" property "Sinaloa" as required under FIRREA and the

28

1  standards of Uniform Standards of Professional Appraisal Practice (USPAP) promulgated by the

2  Appraisal Standards Board of the Appraisal Foundation, <u>California Business and Professions Code.</u>

3  <u>Division 4, Part 3, Sections 11300 et seq., or California Code of Regulations Title 10, Chapter 6.5,</u>

4  <u>Sections 3500 et seq.</u>  (A) Appraisal (4) Shall conform to USPAP, particularly Standards Rules 1

5  and 2.

6      321.    "Hannah" failed to note any property deficiencies and did overvalue the property

7  without due regard to the comps. "Hannah" added $125,000 of value stating that the upgrades were

8  superior to all the other comparables, which was false and misleading.

9

10     322.    "Hannah" had a fiduciary relationship of trust and confidence with "Yamamura" as

11  named client on the appraisal as stated in 3702(a)(1), and under 3705 bears full personal

12  responsibility for the accuracy, content and integrity of the appraisal under the Standards Rules 1

13  and 2 of USPAP.

14  323.    Hansen Appraisals and principal Michael and Sarah Hansen ("Hansen") did not conduct an

15  independent or impartial appraisal on multiple "Dobben" properties as required under FIRREA and

16  the standards of Uniform Standards of Professional Appraisal Practice (USPAP) promulgated by

17  the Appraisal Standards Board of the Appraisal Foundation, <u>California Business and Professions</u>

18  <u>Code. Division 4, Part 3, Sections 11300 et seq., or California Code of Regulations Title 10,</u>

19  <u>Chapter 6.5, Sections 3500 et seq.</u>  (A) Appraisal (4) Shall conform to USPAP, particularly

20  Standards Rules 1 and 2. Hansens" failed to note any property deficiencies on "LaPaz" and simply

21  met the required purchase price set by his employer and listing agent.  This property was later

22  found to be in a state of total disrepair and "Hansen's" employer "Preferred" and "Theodory"

23  charged "Dobben" to repair these deficiencies. Even after those repairs the property was in such

24  deplorable condition the City of Lancaster cited it for violations.

25

26

27

28

324.     "Alekougie" failed to note any property deficiencies on "37th Street" or do any due diligence related to value, and simply met the required purchase price set by his employer and listing agent.  Dobben was charged immediately after closing for repairs on this property.

325.     "All appraiser defendants" had a fiduciary duty, implied trust and confidence with "Dobben" as named client on the appraisal as stated in 3702(a)(1), and each under 3705 bears full personal responsibility for the accuracy, content and integrity of the appraisal under the Standards Rules 1 and 2 of USPAP.  "All appraiser defendants" could not possibly been acting as independent appraiser or in a fiduciary capacity to "Dobben." To demonstrate how far from the mandates appraisers strayed, "Hansen" was he was a seller on "Silverado,"  an appraiser on "La Paz," faxed a forged purchase contract on "37th Street," and was also the appraiser on failed transactions.  The icing on the cake, "Hansen" was a licensed real estate agent and employee of the listing and rental agent, "Preferred" on all properties.

California Business and Professions Code, Division 4, Part 3, Sections 11300 *et seq.*

11302. (b) "Appraisal" means a written statement independently and impartially prepared by a qualified appraiser setting forth an opinion in a federally related transaction as to the market value of an adequately described property as of a specific date, supported by the presentation and analysis of relevant market information.

11323. No licensee shall engage in any appraisal activity in connection with the purchase, sale, transfer, financing, or development of real property if his or her compensation is dependent on or affected by the value conclusion generated by the appraisal.

California Regulations California.

(A) Appraisal (4) Shall conform to USPAP, particularly Standards Rules 1and 2.

ARTICLE 11. RULES OF PROFESSIONAL CONDUCT

3701.  Standards of Professional Appraisal Practice Sections 11313 and 11314, Business and Professions Code Reference: Chapter 491 Statutes of 1991, Section 4; Business & Professions Code.

11340(c), Section 1103 of Public Law 101-73 (12 USC 3301, etc.) Title XI (Real Estate Reform Amendment).

3702. (a) The Director finds and declares as follows:

(1) That the profession of real estate appraisal is vested with a <u>fiduciary relationship of trust and confidence as to clients</u>, lending institutions, and both public and private guarantors or insurers of funds in federally-related real estate transactions and that the qualifications of honesty, candor, integrity and trustworthiness are directly and substantially related to and indispensable to the practice of the appraisal profession; and

3705. Responsibility for Appraisal Reports, Signatures

(a) Every appraisal report subject to the Uniform Standards of Professional Appraisal Practice upon final completion shall bear the signature and license number of the appraiser and of the supervising appraiser, if appropriate. The affixing of such signature and number constitute the acceptance by the appraiser and supervising appraiser of full and personal responsibility for the accuracy, content and integrity of the appraisal under Standards Rules 1 and 2 of USPAP.

**XXXI.      SEVENTEENTH CAUSE OF ACTION FOR WRONGFUL FORECLOSURE**

**(Against American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co.)**

326.     Plaintiff realleges and incorporates by this reference all the allegations of the proceeding paragraphs of this Complaint as though fully set forth herein.

327.    American Home Mortgage Servicing did conduct an illegal foreclosure without proper notification under California law on the property owned by Mona Dobben, known as 38645 37th Street East, Palmdale CA. 93550. "Dobben" has a letter from lawyers for American Home Mortgage, Young, Conaway, Stargatt, & Taylor, dated 11/2/2007, to her Sun City address. Ms. Dobben has the signature confirmation card that American Home Mortgage Servicing received her RESPA letter, and advocate letter and a petition which was filed in the bankruptcy court, which all contained her Sun City address. Yet American Home Mortgage conducted a foreclosure without notifying her at this address as required under strict notification California laws.

328.    This foreclosure was conducted by American Home Mortgage Servicing, for the benefit of its own executives who are the owners and managers of, American Home Mortgage Assets LLC, and the Trust known as AHMA 2007-5 Trust. Wells Fargo is the Master Servicer, Deutsche Bank is the indenture trustee, and Countrywide was the underwriter for the Trust.

## CALIFORNIA FORECLOSURE LAW

| Day 1-Day 90 | Day 90-Day 120 | Day 120-Day 141 |
|---|---|---|
| Redemption Period | Publication Period | Trustee's Sale |
| Lasts 90 days from the recordation of the Notice of Default | Lasts 30 days from the end of Redemption | Held 21 days after first publication |

Redemption Period - California foreclosure law states that within 10 business days a copy of the recorded Notice of Default is sent by certified and regular mail to the borrowers at all addresses provided and any recorded special requests. The foreclosure remains dormant for the next 60 days unless the borrower makes contact to cure.

LAW OFFICES OF
DOUGLAS J.
PETTIBONE

329.    Mona Dobben petitioned the American Home Bankruptcy Court, docket #1490 and a hearing was held on Oct. 31, 2007, in reference to numerous issues including demand to know the true owner of the note or master servicer under TILA 1641(f)(2).  American Home Mortgage Servicing has never complied. A witness for American Home Mortgage Servicing at this hearing, Mr. Dickman stated clearly that the investor AHMA 2007-5 Trust and the master servicer, Wells Fargo, does not want them to give the borrowers this information.  There are multiple incidences of obfuscating the issue of true owner the note, refusal to respond to any inquiries, and an outright refusal of honesty and integrity.

330.    Mona Dobben sent American Home Mortgage a RESPA "qualified written request" on November 13, 2007 signed for on November 16, 2007 by American Home Mortgage Servicing. American Home Mortgage has never complied. Under the RESPA "qualified written request" which was sent by Mona Dobben to American Home Mortgage, they were required to acknowledge the request, conduct an investigation and comply. Although servicing records clearly show American Home was mailing statements and they were returned, they failed to fix the issue as multiple communications came through Plaintiff, her daughter and her appointed representative Paula Rush.

331.    Mona Dobben sent American Home Mortgage Servicing a release to speak with Paula Rush beginning September 25, 2007 and again on November 13, 2007. On December 19, 2007 after refusing to speak with the advocate on several occasions, Young Conaway Stargatt & Taylor, LLP sent Paula Rush and "Dobben" (at her correct address) letters stating they represent American Home Mortgage Servicing and that American Home Mortgage Servicing will not speak with Paula Rush or acknowledge her as representative. In addition, they asserted that Mona Dobben should call Scott Ellerbee. But phone calls were rejected.

## XXXII.    EIGHTEETH CAUSE OF ACTION-UNFAIR DEBT COLLECTION PRACTICE

(Unfair Debt Collections Practices, as to American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co., Countrywide and Washington Mutual)

332.    Plaintiffs realleges and incorporates by reference all of the paragraphs as fully set forth above.

333.    Plaintiff is informed and believes, and upon such information and belief alleges that the Defendants, and each of them, in taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collections Practices Act, including but not limited to California Civil Code §§ 1788(e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Subchapter V, §§ 1692 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## XXXIII.    NINETEENTH CAUSE OF ACTION CAL. BUS AND PROF CODE 17200

(Disgorgement, under Cal. Bus. Prof. Code § 17200 et seq. As to Defendants American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co, Countrywide and Washington Mutual)

334.    Plaintiff's realleges and incorporates by reference all of the paragraphs as fully set forth above.

335.    Plaintiff is informed and believes, and upon such information and belief alleges that Defendants, American Home Mortgage, American Home Assets LLC, AHMA 2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co, have a pattern and practice of defrauding creditors through the personal misuse of their real property assets.

336.    Defendants , American Home Mortgage, American Home Assets LLC,
AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co
have absconded with ill gotten gains, defrauding not only Plaintiffs but similarly situated
homeowners, by foreclosing on residential properties without the legal authority to do so. As a
proximate result of the acts of Defendants, Plaintiff and thousands of other California homeowners
have either lost their homes, or are subject to foreclosure.

337.    Plaintiff has suffered injury in fact as a direct and proximate result of the acts of
Defendants and each of them.

338.    Defendants practices as alleged herein are unfair, unlawful, immoral, unethical, and
in violation of the law.

339.    Plaintiff prays for the full disgorgement of monies and profits and the value of
converted assets according to proof, which exceeds the minimum jurisdiction of this Court, against
Defendants.

340.    Plaintiffs further pray for an injunctive order enjoining and restraining Defendants,
and each of them from engaging in or performing any act to deprive Plaintiffs of ownership or
possession of their real property, including but not limited to, maintaining sale proceedings on
Plaintiffs real property, from recording any deeds or mortgages regarding the property, or from
otherwise taking any further steps whatsoever to deprive Plaintiffs' or ownership in the property.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set
forth.

**XXXIV.    TWENTIETH CAUSE OF ACTION FOR INJUNCTIVE RELIEF AND DAMAGES**

(Violations of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq .against Defendants Nominal Defendant American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co., Countrywide and Washington Mutual)

341.    The allegations set forth in paragraphs 1 through 340 are realleged and incorporated herein by reference, and plaintiffs are informed and believe and on that basis alleges for a first cause of action as follows:

342.    In the course and conduct of its business Defendants Nominal Defendant American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co., Countrywide and Washington Mutual ("These Defendants") falsely reported to the Credit Bureaus that Plaintiffs' loan had gone into foreclosure knowing full well the loans were obtained through fraud and Plaintiff had disputed the debt. These Defendants furnishing of this false and derogatory information to the Credit Bureaus that their loan had gone into foreclosure has violated Plaintiffs' rights under The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. The Fair Credit Reporting Act ("FCRA"), U.S.C. § 1681, et seq., requires "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, ...and proper utilization of such. Practices that violate the FCRA "constitute an unfair or deceptive act or practice in commerce in violation of the FTC Act."

343.    Plaintiffs are informed and believe, and based on that information and beliefs allege, that each recipient of a report furnished by These Defendants was misled by the false information

1  in the report and, as a result, Plaintiffs' credit has been irreparably damaged. Due to These

2  Defendants conduct, described above, Plaintiffs have been unable to obtain credit

3      344.    Due to These Defendants conduct, described above, plaintiffs have sustained a

4  tremendous amount of financial loss. Due to These Defendants outrageous conduct of providing

5  false reports, described above, Plaintiffs suffered emotional distress, humiliation, and loss of

6  reputation among relatives, friends and in the public eye. Section 607(b) of the FCRA, U.S.C. §

7  1681c (b), requires consumer reporting agencies to "follow reasonable procedures" in preparing

8  consumer reports "to assure maximum possible accuracy of the information concerning the

9  individual about whom the report relates."

10

11  **XXXV.        TWENTY FIRST CAUSE OF ACTION UNFAIR BUSINESS PRACTICES**

12  (Unfair Business Practices Act Plaintiffs' Claim for Restitution and/or Disgorgement of Profits

13  against Defendants Nominal Defendant American Home Mortgage, American Home Assets LLC,

14  AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co.,

15  Countrywide and Washington Mutual)

16

17      345.    The allegations set forth in paragraphs 1 through 344 are realleged and incorporated

18  herein by reference, and plaintiffs are informed and believe and on that basis allege for a cause of

19  action as follows:

20

21      346.    The mortgage and banking system is dependent upon fair and accurate credit

22  reporting. Inaccurate credit reports directly impair the efficiency of the banking and mortgage

23  system, and unfair credit reporting methods undermine the public confidence that is essential to the

24  continued functioning of the banking system.

25

26      347.    These Defendants' conduct as described in the above paragraphs 1-28 constitutes

27  multiple, separate violations of Section 5(a) of the FTC Act, <u>15 U.S.C.§ 45(a)</u>, prohibits "unfair or

28

1    deceptive acts or practices in or affecting commerce," and violations of the Fair Credit Billing Act

2    15 U.S.C. 1666 *et seq,* and <u>California Civil Code Section 1785.26 (b) (c)</u>.

3        348.    As described above Plaintiffs wrote letters and communicated orally to These

4    Defendants explaining the fraud that had been committed upon them. These Defendants' unlawful,

5    unfair, fraudulent, and unconscionable business practices had deprived and continue to deprive

6    plaintiffs of their right to have a good credit standing and all the benefits that a good standing

7    offers.  <u>California Civil Code Section 1785.26 (b)</u> A creditor may submit negative credit

8    information concerning a consumer to a consumer credit reporting agency, only if the creditor

9    notifies the consumer affected. After providing this notice, a creditor may submit additional

10   information to a credit reporting agency respecting the same transaction or extension of credit that

11   gave rise to the original negative credit information without providing additional notice. <u>California</u>

12   <u>Civil Code Section 1785.26 (c)</u> The notice shall be in writing and shall be delivered in person or

13   mailed first class, postage prepaid, to the party's last known address, prior to or within 30 days after

14   the transmission of the negative credit information.

15       349.    Plaintiffs are informed and believe, and based on that information and beliefs allege,

16   that each recipient of a report furnished by These Defendants was misled by the false information

17   in the report and, as a result, Plaintiffs' have suffered damages. Due to These Defendants unlawful,

18   unfair, fraudulent, and unconscionable business practice as described above prevented plaintiffs

19   from obtaining credit. Plaintiffs had suffered and continue to suffer due to defendants' unlawful,

20   unfair, and fraudulent practices until this false and derogatory information is removed from the

21   credit files.

22       350.    Plaintiffs are informed and believe, and based on that information and beliefs assert

23   that there is a need to insure that consumer reporting agencies exercise their grave responsibilities

24   with fairness, impartiality, and a respect for the consumer's rights. In truth and in fact, These

Defendants' false and derogatory reporting to the credit bureaus without informing the Plaintiffs is an unlawful, unfair, fraudulent business practice that constitutes unfair competition under *Business and Professions Code Section 17200*. Pursuant to 17200. Unfair competition shall mean and include, any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

**XXXVI.      TWENTY SECOND CAUSE OF ACTION DAMAGE TO CREDIT REPUTATION AND TORTIOUS INTERFERENCE WITH CREDIT EXPECTANCY**

(Damages To Credit Reputation and Tortuous Interference With Credit Expectancy against Defendants against Defendants Nominal Defendant American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co., Countrywide and Washington Mutual)

351.    The allegations set forth in paragraphs 1 through 350 are realleged and incorporated herein by reference, and plaintiffs are informed and believe and on that basis allege for a third cause of action as follows:

352.    A defamatory statement is one that "impeaches a person's integrity, virtue, human decency, or reputation and thereby lowers that person in the estimation of the community or deters third parties from dealing with that person". Plaintiffs had alleged mortgage loans with the Lending Defendants herein. Nominal Defendant American Home Mortgage, American Home Assets LLC, AHMA2007-5 Trust, Wells Fargo, Deutsche Bank, AH Mortgage Acquisitions, TD Service Co., Countrywide and Washington Mutual (Hereinafter "These Defendants") had furnished defamatory statement to various credit reporting agency ("CRAs") about plaintiffs that their loans were foreclosed. This statement was false the loans were obtained by fraud and These Defendants were on notice of the fraud. Defendant's actions proximately caused injury to Plaintiffs' reputation and

creditworthiness. Consequently, Plaintiffs suffered a pecuniary loss resulting from these denials. These Defendants' conduct was intentional because no bank reports a foreclosure in order to benefit the debtor; rather, such reports always harm the debtors' credit reputation. These Defendants' actions were the cause of injury to Plaintiffs' reputation and creditworthiness. Defendant intended to cause harm to plaintiffs credit rating and it actually harmed.

*Tortious Interference With Credit Expectancy:*

353.    These Defendants provided a defamatory statement to CRAs about Plaintiffs' creditworthiness that their loan was foreclosed. Defendants' outrageous conduct was intentional and it tortuously interfered with plaintiffs' credit expectancy.

Restatement Second of Torts, section 766B: provides

"One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation."

354.    The threshold determination in any tort case is whether the defendant owes the plaintiff a duty of care or not. In the instant case, These Defendants owed a duty of care to Plaintiffs. The Defendants breached their duty by submitting false statements to CRAs that Plaintiffs' ioan was foreclosed. These Defendants knew very well that the statement it had provided to CRAs was false and interference was certain to occur as a result of its action because they were on notice the loan documents were procured by fraud. No entity reports a foreclosure in order to benefit the debtor; rather, such reports always harm the debtor's credit reputation. Plaintiffs had valid credit expectancy. Plaintiffs' expectancy of obtaining credit was disrupted by These Defendants' false defamatory statement.

355.     Plaintiffs further believe that defendant's actions towards them were intentionally deceptive and malicious.

356.     As a direct foreseeable proximate result of These Defendants conduct, Plaintiffs had been deprived and continue to be deprived of their rights to have a good credit standing and of all the benefits that a good credit standing offers. Plaintiffs are informed and believe, and based on that information and beliefs allege, that each recipient of a report furnished by These Defendants was misled by the false information in the report. In truth and in fact, These Defendants false and derogatory reporting to the CRAs had tortuously interfered with their credit expectancy and had undermined their creditworthiness, credit standing, and credit capacity among relatives, friends and in the public eye.

## XXXVII.     TWENTY THIRD CAUSE OF ACTION FOR ELDER ABUSE

(Elder Abuse-Against WASHINGTON MUTUAL, COUNTRYWIDE HOME LOANS INC, Nominal Defendant AMERICAN HOME MORTGAGE HOLDINGS et al, AMERICAN BROKERS CONDUIT, AMERICAN HOME MORTGAGE INVESTMENT CORP., AMERICAN HOME MORTGAGE ACCEPTANCE, AMERICAN MORTGAGE SERVICING, INC., HOMEGATE SETTLEMENT SERVICES, GREAK OAK ABSTRACT, T.D. SERVICE, AMERICAN HOME MORTGAGE ASSETS LLC, AHMA TRUST  2007-5, AH MORTGAGE AQUISTIONS INC.,  WL ROSS & CO LLC, WELLS FARGO BANK, N.A., MORTGAGEIT, COMMITMENT LENDING, THE ESCROW MALL, INC., Nominal Defendant PATRICK MICHAEL DOWNEY, GREGORY BLAIR CLARK, HISTORICAL REAL ESTATE, PREFERRED REAL ESTATE, ILHAM THEODORY, MICHAEL HANSEN, SARAH HANSEN, APPRAISAL SERVICES ASAP also known as HANSEN APPRAISAL & ASSOC., SUNDAY ALEKHOUGIE, TITAN ESCROW CORPORATION, HANNAH APPRAISAL SERVICE, Nominal Defendant LANDAMERICA GATEWAY TITLE, FIDELTIY NATIONAL

INSURANCE SERVICES, INC., CHICAGO TITLE INSURANCE COMPANY, FIDELITY NATIONAL FINANCIAL, FINANCIAL TITLE "ALL DEFENDANTS" )

357    The allegations set forth in paragraphs 1 through 356 are realleged and incorporated herein by reference.

358.    The allegations set forth herein against ALL defendants for this Real Estate and financial fraud constitute Elder Abuse under California Welfare & Institutions Code § 15610.30 and Arizona Statute 46-456, which said acts took place in both Arizona and California.

359.    As a proximate result of such conduct Plaintiff Mona Dobben will seek damages according to proof at the time of trial.

**XXVII.    TWENTY FOURTH CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (Against WASHINGTON** MUTUAL, COUNTRYWIDE HOME LOANS INC, Nominal Defendant AMERICAN HOME MORTGAGE HOLDINGS et al, AMERICAN BROKERS CONDUIT, AMERICAN HOME MORTGAGE INVESTMENT CORP., AMERICAN HOME MORTGAGE ACCEPTANCE, AMERICAN MORTGAGE SERVICING, INC., HOMEGATE SETTLEMENT SERVICES, GREAK OAK ABSTRACT, T.D. SERVICE, AMERICAN HOME MORTGAGE ASSETS LLC, AHMA TRUST 2007-5, AH MORTGAGE AQUISTIONS INC.,  WL ROSS & CO LLC, WELLS FARGO BANK, N.A., MORTGAGEIT, COMMITMENT LENDING, THE ESCROW MALL, INC., Nominal Defendant PATRICK MICHAEL DOWNEY, GREGORY BLAIR CLARK, HISTORICAL REAL ESTATE, PREFERRED REAL ESTATE, ILHAM THEODORY, MICHAEL HANSEN, SARAH HANSEN, APPRAISAL SERVICES ASAP also known as HANSEN APPRAISAL & ASSOC., SUNDAY ALEKHOUGIE, TITAN ESCROW CORPORATION, HANNAH APPRAISAL SERVICE, Nominal Defendant LANDAMERICA

LAW OFFICES OF
DOUGLAS J.
PETTIRONE

GATEWAY TITLE, FIDELTIY NATIONAL INSURANCE SERVICES, INC., CHICAGO TITLE INSURANCE COMPANY, FIDELITY NATIONAL FINANCIAL, FINANCIAL TITLE "ALL DEFENDANTS"

360.     Plaintiffs reallege and incorporate by this reference all the allegations of the proceeding paragraphs of this Complaint as though fully set forth herein.

361.     In each of the contracts alleged in this complaint there is implied a covenant of good faith and fair dealing.

362.     As previously set forth in the allegations of this complaint the facts support a claim that Defendants, and each of them, have violated the implied covenant of good faith and fair dealing.

363.     As a proximate result of such conduct Plaintiffs have been damaged in a sum according to proof at the time of trial.

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them as follows:

1.  For actual damages in the amount of $5,000,000.00 or according to proof;

2.  For consequential damages in the amount of $5,000,000.00 or according to proof;

3.  For Special Damages according to proof;

4.  For Statutory Damages pursuant to each of the Statutory Causes of Action set forth in this complaint as allowed by law;

5.  For all statutory penalties;

6.  For Punitive Damages according to proof;

7.  For Rescission and/or Cancellation of Instrument;

8.  For attorney fees and costs of suit by statute or agreement; and

9.  For such other and further relief as the court deems proper.

1

2

3

4

Dated: 10/28/09

THE LAW OFFICE
DOUGLAS J. PETTIBONE

By: _____
DOUGLAS J. PETTIBONE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV09- 8007 PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Douglas J. Pettibone, Attorney at Law
The Law Office of Douglas J. Pettibone
17848 Sky Park Circle, Suite C
Irvine, California 92614
(714) 730-9091

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MONA DOBBEN, ALEX YAMAMURA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV09 08007** *PSG* (JEMx) |
| v. | |
| WASHINGTON MUTUAL, [SEE ATTACHMENT "A"] | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  _Douglas J. Pettibone_____, whose address is _17848 Sky Park Circle, Suite C, Irvine, California 92614_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

CHRISTOPHER POWERS

Dated: ___ NOV – 2 2009 _____        By: _____
                                                            Deputy Clerk

                                                       *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**ATTACHMENT A**

COUNTRYWIDE HOME LOANS INC, Nominal Defendant AMERICAN HOME
MORTGAGE HOLDINGS et al, AMERICAN BROKERS CONDUIT, AMAERICAN HOME
MORTGAGE INVESTMENT CORP., AMERICAN HOME MORTGAGE ACCEPTANCE,
AMERICAN MORTGAGE SERVICING, INC., HOMEGATE SETTLEMENT SERVICES,
GREAK OAK ABSTRACT, T.D. SERVICE, AMERICAN HOME MORTGAGE ASSETS
LLC, AHMA TRUST 2007-5, AH MORTGAGE AQUISTIONS INC., WL ROSS & CO LLC,
WELLS FARGO BANK, N.A., MORTGAGEIT, COMMITMENT LENDING, THE ESCROW
MALL, INC., Nominal Defendant PATRICK MICHAEL DOWNEY, GREGORY BLAIR
CLARK, HISTORICAL REAL ESTATE, PREFERRED REAL ESTATE, ILHAM
THEODORY, MICHAEL HANSEN, SARAH HANSEN, APPRAISAL SERVICES ASAP also
known as HANSEN APPRAISAL & ASSOC., SUNDAY ALEKHOUGIE, TITAN ESCROW
CORPORATION, HANNAH APPRAISAL SERVICE, Nominal Defendant LANDAMERICA
GATEWAY TITLE, FIDELTIY NATIONAL INSURANCE SERVICES, INC., CHICAGO
TITLE INSURANCE COMPANY, FIDELITY NATIONAL FINANCIAL, FINANCIAL TITLE
COMPANY, FIRST AMERICAN SPECIALTY INSURANCE, MID CENTURY INSURANCE
COMPANY/FARMER NEXT GENERATION and DOES 1-10, inclusive

Attachment A

Name & Address:
Douglas J. Pettibone, Attorney at Law
The Law Office of Douglas J. Pettibone
17848 Sky Park Circle, Suite C
Irvine, California 92614
(714) 730-9091

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MONA DOBBEN, ALEX YAMAMURA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV09 08007 PSG** (JEMx) |
| v. WASHINGTON MUTUAL, [SEE ATTACHMENT "A"] | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Douglas J. Pettibone_____, whose address is _17848 Sky Park Circle, Suite C, Irvine, Califonia 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____NOV - 2 2009_____

By: _____
CHRISTOPHER POWERS
Deputy Clerk

SEAL

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1    **ATTACHMENT A**

2

3    COUNTRYWIDE HOME LOANS INC, Nominal Defendant AMERICAN HOME

4    MORTGAGE HOLDINGS et al, AMERICAN BROKERS CONDUIT, AMAERICAN HOME

5    MORTGAGE INVESTMENT CORP., AMERICAN HOME MORTGAGE ACCEPTANCE,

6    AMERICAN MORTGAGE SERVICING, INC., HOMEGATE SETTLEMENT SERVICES,

7    GREAK OAK ABSTRACT, T.D. SERVICE, AMERICAN HOME MORTGAGE ASSETS

8    LLC, AHMA TRUST 2007-5, AH MORTGAGE AQUISTIONS INC., WL ROSS & CO LLC,

9    WELLS FARGO BANK, N.A., MORTGAGEIT, COMMITMENT LENDING, THE ESCROW

10   MALL, INC., Nominal Defendant PATRICK MICHAEL DOWNEY, GREGORY BLAIR

11   CLARK, HISTORICAL REAL ESTATE, PREFERRED REAL ESTATE, ILHAM

12   THEODORY, MICHAEL HANSEN, SARAH HANSEN, APPRAISAL SERVICES ASAP also

13   known as HANSEN APPRAISAL & ASSOC., SUNDAY ALEKHOUGIE, TITAN ESCROW

14   CORPORATION, HANNAH APPRAISAL SERVICE, Nominal Defendant LANDAMERICA

15   GATEWAY TITLE, FIDELTIY NATIONAL INSURANCE SERVICES, INC., CHICAGO

16   TITLE INSURANCE COMPANY, FIDELITY NATIONAL FINANCIAL, FINANCIAL TITLE

17   COMPANY, FIRST AMERICAN SPECIALTY INSURANCE, MID CENTURY INSURANCE

18   COMPANY/FARMER NEXT GENERATION and DOES 1-10, inclusive

19

20

21

22

23

24

25

Attachment A

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MONA DOBBEN, ALEX YAMAMURA

**DEFENDANTS**
WASHINTON MUTUAL, et al.,
[SEE ATTACHMENT "A"]

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Douglas J. Pettibone, Attorney at Law
The Law Office of Douglas J. Pettibone
17848 Sky Park Circle, Suite C, Irvine, CA 92614 (714) 730-9091

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TILA, RESPA-12 USC 1640 (e), 12 USC 2614, 1331; RICO 1964(c), 1965 (a); FAIR CREDIT REPORTING 15 USC 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☑ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV09 08007

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☐ No  ☑ Yes
If yes, list case number(s):  _CV 08- 2142_

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Arizona |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Sacramento, Ventura, Washington, New York, Delaware, Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Arizona |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Paul O. Cully_    Date _11/2/09_

  **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**ATTACHMENT A**

COUNTRYWIDE HOME LOANS INC, Nominal Defendant AMERICAN HOME

MORTGAGE HOLDINGS et al, AMERICAN BROKERS CONDUIT, AMAERICAN HOME

MORTGAGE INVESTMENT CORP., AMERICAN HOME MORTGAGE ACCEPTANCE,

AMERICAN MORTGAGE SERVICING, INC., HOMEGATE SETTLEMENT SERVICES,

GREAK OAK ABSTRACT, T.D. SERVICE, AMERICAN HOME MORTGAGE ASSETS

LLC, AHMA TRUST  2007-5, AH MORTGAGE AQUISTIONS INC.,  WL ROSS & CO LLC,

WELLS FARGO BANK, N.A., MORTGAGEIT, COMMITMENT LENDING, THE ESCROW

MALL, INC., Nominal Defendant PATRICK MICHAEL DOWNEY, GREGORY BLAIR

CLARK, HISTORICAL REAL ESTATE, PREFERRED REAL ESTATE, ILHAM

THEODORY, MICHAEL HANSEN, SARAH HANSEN, APPRAISAL SERVICES ASAP also

known as HANSEN APPRAISAL & ASSOC., SUNDAY ALEKHOUGIE, TITAN ESCROW

CORPORATION, HANNAH APPRAISAL SERVICE, Nominal Defendant LANDAMERICA

GATEWAY TITLE, FIDELTIY NATIONAL INSURANCE SERVICES, INC., CHICAGO

TITLE INSURANCE COMPANY, FIDELITY NATIONAL FINANCIAL, FINANCIAL TITLE

COMPANY, FIRST AMERICAN SPECIALTY INSURANCE, MID CENTURY INSURANCE

COMPANY/FARMER NEXT GENERATION and DOES 1-10, inclusive

Attachment A